THE STATE OF OHIO, APPELLANT, *v.* WEBER, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* VON KORFF, APPELLEE.

THE STATE OF OHIO, APPELLANT, *v.* COLLINS, APPELLEE.

(Nos. C-830768, -830861, and -830871—Decided August 1, 1984.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *William E. Breyer, Richard A. Castellini, Paul J. Gorman* and *Frank H. Prouty, Jr.,* for appellant.

*Thomas R. Smith,* for appellee Weber.

*Michael McCaulay,* for appellee Von Korff.

*Edward J. McTigue,* for appellee Collins.

PALMER, J. These three appeals all involve questions arising from varying interpretations different judges of the Hamilton County Municipal Court have given R.C. 2953.31 *et seq.* These statutes permit, under certain limited circumstances, the sealing of criminal records, and are sometimes referred to as the "expungement" statutes. Because of the similarity of subject matter, these appeals are herein consolidated for decision.

Michael P. Weber, No. C-830768

On December 8, 1981, the defendant-appellee, Weber, was convicted of a misdemeanor theft and sentenced as appears of record. Over a year later, on July 28, 1983, Weber applied for relief under R.C. 2953.32 "for expungement of his criminal record." At a hearing on this motion held on September 8, 1983, it was conceded by Weber and his counsel that Weber had suffered a conviction in the Mayor's Court of the city of Greenhills for disorderly conduct on April 26, 1983, a date *subsequent* to the December 8, 1981 theft conviction sought to be sealed. The disorderly conduct conviction would appear to have been "paid out" by defendant's entering a written plea on the citation form, and paying a fine of $85 into the mayor's court. No court appearances were apparently required.

The trial court, citing Weber's scholastic achievements, job prospects, and the relatively minor nature of the subsequent disorderly conduct conviction, granted the application to seal the records of the theft conviction, relying on the presumed discretionary authority afforded by *Pepper Pike* v. *Doe* (1981), 66 Ohio St. 2d 374 [20 O.O.3d 334]. The state brings this appeal, asserting in a single assignment of error that the trial court erred as a matter of law in granting the motion to "expunge" pursuant to R.C. 2953.32. We agree.

In *State* v. *Hall* (Aug. 5, 1981), Hamilton App. No. C-800638, unreported, we affirmed the refusal of the trial court to seal the records of a felony conviction entered in 1976 where the defendant had suffered a conviction twenty years earlier for a violation of an ordinance of the city of Norwood involving public intoxication, a misdemeanor. We said in *Hall,* at 2-3:

"Under Ohio law, the expungement process is made available only to a first offender, who is defined in broad terms as 'anyone who has once been convicted of an offense in this state or any other jurisdiction.' R.C. 2953.31. In his argument on appeal, the appellant adopts the position that the offense of public intoxication, as it existed in Norwood in 1956, is the equivalent of a minor misdemeanor under state law and should not be construed as a conviction when determining whether a person seeking expungement of his record is a first offender because it carried such an inconsequential maximum penalty.

"We cannot accept the appellant's argument because to do so would fly in the face of the plain and unambiguous meaning of R.C. 2953.31. If there is to be an exception of the kind urged by the appellant to the statute, it must be left to the legislature to create that exception. For us to undertake such a task would constitute an unwarranted exercise of the powers committed to a separate and coequal branch of the government."

The instant case is distinguishable from *Hall* only in the fact that the second conviction occurred *after* rather than before the offense sought to be sealed. The distinction is without consequence. For purposes of R.C. 2953.31, the applicant cannot be held to be a "first offender," qualified for relief under R.C. 2953.32, if he has been *twice* convicted of an offense in this state or any other jurisdiction, *whatever the sequence of such convictions may have been,* unless such convictions result from or are connected with the same act, or result from offenses committed at the same time. So much seems to us to be clear from the wording and intent of the statute.

It remains only to examine the thrust of *Pepper Pike, supra,* which the trial court here (as in the *Collins* case, *infra*) read to grant a court discretion "to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter." In *Pepper Pike,* the criminal record sought to be sealed was an assault charge growing out of a domestic dispute, prosecuted by the current wife of the applicant's former husband, who, said the Supreme Court, along with her husband, "used the courts as a vindictive tool to harass appellant." Id. at 377. The criminal charge was dismissed with prejudice. The applicant sought to expunge the *arrest* record, since there had been no conviction.

The rule of the *Pepper Pike* case is expressed most clearly in the first paragraph of the syllabus, which states: "The trial courts in Ohio have jurisdiction to order expungement and sealing of records in a criminal case *where the charges are dismissed with prejudice prior to trial* by the party initiating the proceedings." (Emphasis added.)

The authority to so proceed, said the court, is extra-statutory, and derives out of a concern for the preservation of the privacy interest. It is to be contrasted with the case of adjudicated *offenders,* whose relief is prescribed by statute. This can be the only meaning attributable to a decision which begins with the words: "This case raises the question of whether a defendant charged with but *not convicted of a criminal offense* has a right to a judicial remedy which orders expungement of her criminal record" (emphasis added), and continues, a sentence later: "In Ohio, convicted *first offenders* may seek expungement and sealing of their criminal records under the authority of R.C. 2953.32." (Emphasis added.) *Id.* at 376.

Throughout the short opinion, the author is careful to delineate the abortive character of the criminal proceedings under review, and their intimate involvement with a constitutional right of privacy. Even so, it is still the exceptional case to which this extra-statutory or common-law remedy will be applied: "Again, this is the exceptional case, and should not be construed to be a carte blanche for any defendant *acquitted of criminal charges* in Ohio courts." *Id.* at 377.

To guide trial courts in using this "judicial" remedy of expungement in the appropriate case, the second paragraph of the syllabus of the *Pepper Pike* case was worded as follows:

"The trial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter. When exercising this power, the court should use a balancing test which weighs the privacy interest of the defendant against the government's legitimate need to maintain records of criminal proceedings."

This second paragraph of the syllabus, which appears to have occasioned the confusion manifested by several of the trial courts in this consolidated appeal, cannot, however, be

read in isolation from the first paragraph of the syllabus and the body of the opinion, which clearly and obviously direct themselves to instances of defendants *acquitted of criminal charges*. It cannot, without doing violence to the opinion and to the clear meaning of the statute, be read to allow trial courts discretion to grant judicial (*i.e.,* extra-statutory) expungement relief to *those convicted of an offense*. In such cases, the statute must be held to provide the exclusive means of remedy. Any other reading of *Pepper Pike,* it seems to us, ignores the obvious thrust of the opinion, and would inevitably result in a frustration of the statute, which sets out the conditions under which relief may be granted with great specificity, substantial detail, and without the relatively broad discretionary authority approved under the facts of *Pepper Pike* and attempted by the trial court here.

This being so, it is apparent that we are not here concerned with a *Pepper Pike* situation; we deal here with *convictions,* not acquittals or dismissals. We look, therefore, to the statute, which limits its relief to "first offenders." Since, as we have seen, the appellee is not a first offender, it follows that the trial court erred in granting the application. The assignment of error is well-taken.

### Christopher Lee Von Korff,
### No. C-830861

On September 14, 1982, the appellee, Von Korff, was convicted of violating R.C. 2925.11(C)(3), possession of less than one hundred grams of marijuana, a minor misdemeanor. Over one year later, the appellee applied for an order sealing the records of this conviction. After a hearing in which the state opposed the relief sought on the grounds that the conviction was not an offense subject to expungement, the trial court, finding present all the conditions prescribed by R.C. 2953.32(C), granted

the application. The state now appeals, presenting two assignments of error, *viz.,* that the trial court erred as a matter of law in granting relief, and alternately, that it abused its discretion in so doing. We find neither assignment to have merit.

The state argues under its first assignment that since R.C. 2925.11(D) "decriminalizes marijuana possession when the amount possessed is less than 100 grams," the applicant is not an "offender" for purposes of R.C. 2953.31 *et seq.,* and cannot avail himself of the relief afforded thereby. The argument founders on the shoals of reality.

R.C. 2925.11(D) provides:

"Arrest or conviction for a minor misdemeanor violation of this section does not constitute a criminal record and need not be reported by the person so arrested or convicted in response to any inquiries about the person's criminal record, including any inquiries contained in any application for employment, license, or other right or privilege, or made in connection with the person's appearance as a witness."

Whether or not this "decriminalizes" the offense for which the appellee was convicted, it obviously does not *seal or expunge* the record of conviction. This exists; it is before us at this instant, showing the complaint and conviction. It is, presumably, a part of the criminal record archives, and, obviously (since we have it), is subject to recovery under whatever conditions the custodian deems appropriate. It is quite true that R.C. 2925.11(D) relieves the offender from having to report the conviction himself as a "criminal record" when he responds to inquiries from employers and others, but this is neither the theoretical nor functional equivalent of sealing the record against all persons except those expressly authorized by R.C. 2953.32(D).

Nor does our decision in *State* v.

*Leggett* (May 3, 1978), Hamilton App. No. C-77356, unreported, require a different conclusion. The determinative issue there was the effect of H.B. No. 300, repealing an earlier criminal statute and itself requiring the expungement of all criminal records dealing with convictions for offenses which would no longer exist under the Bill as of its effective date. As the *Leggett* court noted at 8:

"The order of expungement for appellant's conviction was not issued pursuant to R.C. 2953.31 to 2953.36; it was issued pursuant to the specific mandate of H.B. 300. The basis for expungement was not that appellant was a first offender, but that the offense for which he was convicted was no longer an offense." (Footnote omitted.)

To the extent that a rather cryptic footnote to the above extract from *Leggett* may be read as equating the effect of H.B. No. 300 in expunging all records of prior convictions of the repealed statute with the effect of R.C. 2925.11(D), the comment is clearly *obiter dictum,* and will not be accorded the interpretation or consequences sought by the state.

The fact is inescapable that conviction of a minor misdemeanor is an "offense" for purposes of R.C. 2953.31 *et seq.* We so held in *State* v. *Hall,* cited *supra* in our discussion of the first of the three consolidated cases herein, and we reaffirm the principle today. The fact that a statute may relieve one class of minor misdemeanants from the necessity of revealing an arrest or conviction for a minor misdemeanor does not make the minor misdemeanor a non-offense any more than it makes the records of convictions disappear from the official files or the computer. See fn. 1, *infra.*

The trial court did not err as a matter of law nor did it abuse its discretion in granting the appellee's application. Appellant's two assignments of error are overruled.

Christopher S. Collins,
No. C-830871

As in the preceding case, the defendant-appellee, Collins, was convicted of violating R.C. 2925.11(C)(3), possession of less than one hundred grams of marijuana, a minor misdemeanor. Collins "paid out" the violation. Well over one year later, he filed an application to seal the records of this conviction. At a hearing on his application on November 21, 1983, the state opposed the application on grounds that the incident involving the marijuana charge was not a "conviction" for purposes of R.C. 2953.31, and therefore could not be sealed or expunged. The argument was the same as that reprised in the *Von Korff* case, *supra.*[1] The trial

---

[1] The following submission in the transcript of proceedings is notable, in view of the state's argument that R.C. 2925.11(D) "decriminalizes" the minor misdemeanor marijuana possession charge since it does not (it is argued) involve a criminal record:

"MR. McTIGUE: You know, your Honor, at first I would have tended to agree with Mr. Prouty, when Mr. Collins first came into my office.

"However, he was stopped for a very minor traffic violation about six months ago, and for some reason, they ran a check and this misdemeanor did appear on the record check.

"And I think simply because of that he would like to take care of this once and for all, get it totally removed from his record, and not have any problems with this type of thing in the future.

"MR. PROUTY: The only thing I can say to the Court is the statute, as the Court's aware, says a conviction, and the statute covering minor misdemeanor drug abuse—

"THE COURT: Is not a conviction."

This argument as to when a criminal record is not a criminal record, or when a conviction is not a conviction, forcibly reminds one of a familiar passage in Carroll's Through the Looking Glass, Chapter 6:

court agreed that the misdemeanor conviction was not a conviction, but ordered the expungement anyway, under the presumed authority of *Pepper Pike, supra.* This case illustrates that, upon occasion, two wrongs *can* make a right.

As we have seen from our examination of *Pepper Pike* in the *Weber* case, *supra,* it is simply inapposite in cases where the applicant is an *offender,* that is, where he has been convicted of an offense in this state or any other jurisdiction. Moreover, as *Von Korff* holds, a conviction of R.C. 2925.11(C)(3) is a conviction for purposes of R.C. 2953.31, regardless of what R.C. 2925.11(D) may permit when an offender responds to an inquiry about his criminal record. The result is that the trial court reached the right result in granting the application, having found all the remaining criteria listed in R.C. 2953.32(C) in favor of the applicant. Whatever deficiencies may be said to have existed along the road in reaching the result, they do not affect the validity of the result. The assignments of error are both overruled, the order of the trial court being neither contrary to law nor an abuse of discretion.

It is, therefore, the order of this court that the order of the trial court in *State of Ohio* v. *Michael P. Weber,* No. C-830768, be reversed, and that the matter be remanded to the trial court with instructions to vacate the order of expungement granted pursuant to R.C. 2953.31 *et seq.;* in the matters of *State of Ohio* v. *Christopher Lee Von Korff,* No. C-830861, and *State of Ohio* v.

---

" 'When *I* use the word,' Humpty Dumpty said, in a rather scornful tone, 'it means just what I choose it to mean—neither more nor less.'

" 'The question is,' said Alice, 'whether you *can* make words mean so many different things.'

" 'The question is,' said Humpty Dumpty, 'which is to be the master — that's all.' "

*Christopher S. Collins,* No. C-830871, the orders of the trial court are respectively affirmed.

*Judgment accordingly.*

SHANNON, P.J., and BLACK, J., concur.