THE STATE OF OHIO, APPELLANT, *v.* MOORE, APPELLEE.

(No. 50343 — Decided May 5, 1986.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellant.

*Sander Schwartz,* for appellee.

PATTON, J. This is an appeal by the state of Ohio from a judgment entered by the Cuyahoga County Court of Common Pleas expunging a prior criminal conviction of defendant-appellee, Milton W. Moore. The facts giving rise to this appeal are as follows.

On April 13, 1979, appellee was indicted for the murder of Robert Moore in violation of R.C. 2903.02. At his arraignment on April 30, 1979, appellee pled not guilty. Subsequently, on September 14, 1979, appellee retracted his not guilty plea. During the plea proceedings on that date, appellee's original murder indictment was amended to the lesser included offense of involuntary manslaughter in violation of R.C. 2903.04(B). The amended indictment charged that appellee caused the death of another as the proximate result of committing or attempting to commit a misdemeanor. The misdemeanor was

specified as being the discharge of a firearm. During the hearing on the plea, the court informed appellee that "this offense as presently charged is a non-probationable offense." Appellee's amended sentence was a term of one to ten years.

On March 15, 1985, appellee filed a motion to seal the record of this criminal conviction.[1] On May 9, 1985, the court granted appellee's motion after a hearing. In its judgment entry of May 14, 1985, the court stated, *inter alia,* that it had given notice to the prosecutor and the probation department and had received a report from the probation department as to the appellee.[2] The court further stated that "[t]he court determines that the applicant's conviction was not one for which the applicant was not eligible for probation, nor a conviction under Chapter 4507 of the Ohio Revised Code, and that the applicant was in fact eligible for probation * * * ."

The state filed its notice of appeal on May 24, 1985 and assigned one error:

"The trial court erred in granting the defendant's motion for expungement, as the defendant voluntarily plead [*sic*] guilty to a non-probationable offense."

Appellant contends that the court improperly granted appellee's motion for expungement when the conviction involved a non-probationable offense. This contention has merit.

Under R.C. 2953.32, a conviction may be expunged subject to the limitations set forth in R.C. 2953.36:

"Sections 2953.31 to 2953.35 of the Revised Code do not apply to convictions when the offender is not eligible for probation, or convictions under Chapter 4507., 4511., or 4549. of the Revised Code."

Probation is precluded by R.C. 2951.02 which provides in part as follows:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"(1) The offense involved is aggravated murder or murder.

"(2) The offender is a repeat offender or a dangerous offender, as defined in section 2929.01 of the Revised Code.

"(3) *The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code.*" (Emphasis added.)

This court has held that the language of R.C. 2951.02(F)(3) is both unambiguous and mandatory and that a trial court cannot grant probation for any crime committed with a firearm or dangerous ordnance. *State* v. *Edmiston* (Dec. 20, 1979), Cuyahoga App. No. 40510, unreported.[3] In *Edmiston,* the

---

[1] This motion was missing from the trial court's records. Appellee supplied this court with a copy of the motion. Attached to this motion was an affidavit whereby the appellee stated that he was a first-time offender, that more than three years had passed since his conviction and sentencing, and that he had had no further involvement with the law. The affidavit was not signed or notarized.

[2] The record does not contain a copy of this report from the probation department.

[3] R.C. 2951.02(F)(3) was amended in 1983 (see 140 Ohio Laws, Part I, 583, 604-605) to exclude the crime of carrying a concealed weapon in violation of R.C. 2923.12 from being a non-probationable offense. This amendment does not affect the holding of *State* v. *Edmiston, supra.* Nor does it affect the propositions of law cited from the pre-amendment cases, *infra.*

defendant pled guilty to involuntary manslaughter, and the court placed him on probation. This court stated that "neither the State's failure to charge in the indictment that * * * [the defendant] was armed, nor its failure to inform the court that the court's statement that the offense was probationable was incorrect can serve to circumvent the prohibition set forth in R.C. * * * 2951.02(F)(3)" (*id.* at 3), and held that the defendant was ineligible for probation.[4]

Once a defendant is convicted of an offense involving the use of a firearm, the defendant is denied the opportunity to be considered for probation because of R.C. 2951.02(F)(3). See *State* v. *Bednar* (Dec. 9, 1982), Cuyahoga App. No. 44611, unreported. In *Columbus* v. *Bee* (1979), 67 Ohio App. 2d 65, 74, 21 O.O. 3d 371, 377, 425 N.E. 2d 409, 416, the court stated that "* * * [t]he obvious intent of the legislature in enacting * * * [R.C. 2951.02(F)(3)] was to deter the use of deadly weapons in the commission of offenses and to impose a greater penalty when weapons are used. * * *."

The record reveals that the appellee pled guilty to involuntary manslaughter with a gun as the defendant had pled in *Edmiston, supra.* Because the appellee discharged a firearm to proximately cause the death of another, appellee was "armed" within the meaning of R.C. 2951.02(F)(3) and, therefore, not eligible for probation. Applying R.C. 2953.36 to the instant case, the trial court did err in expunging appellee's record when he was convicted of a non-probationable offense.

Even if the appellee were to have received probation for a non-probationable offense, this result cannot overcome the statutory prohibition of R.C. 2953.36 that one cannot seal a record for a non-probationable offense. "* * *

[T]he initial error of the trial court cannot be made the occasion of compounding another error." *State* v. *Furtwengler* (Mar. 23, 1983), Hamilton App. No. C-820479, unreported, at 3.

This court is unwilling to conclude that the trial court had the authority to use a judicial (*i.e.,* extra-statutory) remedy of expungement in the instant case. The Ohio Supreme Court in *Pepper Pike* v. *Doe* (1981), 66 Ohio St. 2d 374, 20 O.O. 3d 334, 421 N.E. 2d 1303, in paragraphs one and two of the syllabus, held that:

"1. The trial courts in Ohio have jurisdiction to order expungement and sealing of records in a criminal case where the charges are dismissed with prejudice prior to trial by the party initiating the proceedings.

"2. The trial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter. When exercising this power, the court should use a balancing test which weighs the privacy interest of the defendant against the government's legitimate need to maintain records of criminal proceedings."

In *State* v. *Weber* (1984), 19 Ohio App. 3d 214, 19 OBR 359, 484 N.E. 2d 207, the court construed the holding of *Pepper Pike, supra,* to limit a trial court's discretion to grant judicial expungement relief to instances where the defendant is acquitted of the criminal offense or to cases where the charges are dismissed prior to trial. According to the court in *Weber, supra,* statutory expungement, not judicial, is the exclusive means of remedy to those persons convicted of an offense.

Accordingly, the trial court did err in ordering the expungement of appel-

---

[4] This court reversed and remanded in *Edmiston, supra,* to allow the defendant to withdraw his plea based on the circumstances of that case which are inapplicable to the case *sub judice.*

228

lee's record. Appellant's sole assignment is well-taken.

The judgment of the trial court is reversed.

*Judgment reversed.*

MARKUS, P.J., and PRYATEL, J., concur.