The STATE of Ohio, Appellant,

v.

NETTER, Appellee.

[Cite as *State v. Netter* (1989), 64 Ohio App.3d 322.]

Court of Appeals of Ohio,
Ross County.

No. 1492.

Decided Sept. 19, 1989.

*Scott W. Nusbaum,* Assistant Prosecuting Attorney, for appellant.

*Spetnagel & Benson* and *J. Jeffrey Benson,* for appellee.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Ross County Court of Common Pleas expunging the criminal record of Floyd Netter, defendant below and appellee herein. The state, plaintiff below and appellant herein, assigns the following error:

"The trial court erred in granting expungement of appellee Netter's criminal record under the holdings of *Pepper Pike v. Doe* and *State v. Stadler.*"

On August 16, 1982, appellee pleaded guilty to two counts of aggravated trafficking of drugs in violation of R.C. 2925.03 and was sentenced to one to ten years in prison. Appellee was released from prison and placed on parole on May 23, 1983. He subsequently satisfactorily completed his parole.

On November 23, 1987, appellee moved in the Ross County Court of Common Pleas to have his criminal record sealed pursuant to R.C. 2953.32. In his application, he alleged that he was a "first time offender" as defined by R.C. 2953.31, a requirement for R.C. 2953.32. Appellant objected to appellee's motion because appellee was not a first-time offender; he had been convicted of assault in 1977. At a hearing on January 22, 1988, the court agreed that appellee did not fit within the statutory scheme because he was not a first-time offender; however, the court believed there were "unusual and exceptional circumstances" which warranted sealing the record, relying on *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 20 O.O.3d 334, 421 N.E.2d 1303. On March 11, 1988, the court filed an entry sealing appellee's criminal record.

■ Before we proceed to address appellant's assignment of error, a threshold issue is raised whether appellant was required to file a leave to appeal or whether appellant could appeal as of right. We previously determined that irrespective of this issue, appellant's appeal was timely filed. At this time we hold that the state has an absolute right to appeal a judgment granting a motion to seal records. See *State v. Bissantz* (1987), 30 Ohio St.3d 120, 30 OBR 434, 507 N.E.2d 1117.

■ In its sole assignment of error, appellant asserts that the court below erred in sealing (expunging) appellee's criminal record. There are several methods of expungement, all of which fall into two categories—statutory and judicial. Because appellee was not a first-time offender, there was no statutory remedy open to him. Therefore, the only way for appellee's record to be expunged was through the judicial route.

In *Pepper Pike, supra,* the Ohio Supreme Court developed a balancing test to use where a person did not fit within the statutory scheme for expungement. In that case, the criminal record sought to be expunged involved an assault charge which had been dismissed with prejudice. The Court of Appeals for Medina County in *State v. Stadler* (1983), 14 Ohio App.3d 10, 14

OBR 13, 469 N.E.2d 911, subsequently held that the holding in *Pepper Pike* could also be used where a person is acquitted of a criminal charge.[1]

Appellee argues that *Pepper Pike* is not limited to any particular type of fact pattern. Instead, asserts appellee, a court may expunge a criminal record any time there are "unusual and exceptional circumstances." Appellant argues conversely that the remedy in *Pepper Pike* is available only in cases where the person seeking expungement was not convicted. We agree with appellant.

The Court of Appeals for Hamilton County in *State v. Weber* (1983), 19 Ohio App.3d 214, 19 OBR 359, 484 N.E.2d 207, stated the following in a case where, as in the case *sub judice*, the person seeking expungement was not a first-time offender:

"The rule of the *Pepper Pike* case is expressed most clearly in the first paragraph of the syllabus, which states:

" 'The trial courts in Ohio have jurisdiction to order expungement and sealing of records in a criminal case *where the charges are dismissed with prejudice prior to trial* by the party initiating the proceedings.' (Emphasis added.)

"The authority to so proceed, said the court, is extra-statutory, and derives out of a concern for the preservation of the privacy interest. It is to be contrasted with the case of adjudicated *offenders*, whose relief is prescribed by statute. This can be the only meaning attributable to a decision which begins with the words: 'This case raises the question of whether a defendant charged with but *not convicted of a criminal offense* has a right to a judicial remedy which orders expungement of her criminal record' (emphasis added), and continues, a sentence later: 'In Ohio, convicted *first offenders* may seek expungement and sealing of their criminal records under the authority of R.C. 2953.32.' (Emphasis added.) *Id.* [66 Ohio St.2d] at 376 [20 O.O.3d at 335, 421 N.E.2d at 1305].

"Throughout the short opinion, the author is careful to delineate the abortive character of the criminal proceedings under review, and their intimate involvement with a constitutional right of privacy. Even so, it is still the exceptional case to which this extra-statutory or common-law remedy will be applied: 'Again, this is the exceptional case, and should not be construed to be a carte blanche for any defendant *acquitted of criminal charges* in Ohio courts.' *Id.* at 377 [20 O.O.3d at 336, 421 N.E.2d at 1306].

---

**1.** Since *Pepper Pike* and *Stadler,* the General Assembly, in 1984, enacted R.C. 2953.52, which specifically gives a statutory remedy for expungement to persons who were either acquitted or had the charges against them dismissed.

"To guide trial courts in using this 'judicial' remedy of expungement in the appropriate case, the second paragraph of the syllabus of the *Pepper Pike* case was worded as follows:

" 'The trial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter. When exercising this power, the court should use a balancing test which weighs the privacy interest of the defendant against the government's legitimate need to maintain records of criminal proceedings.'

"This second paragraph of the syllabus, which appears to have occasioned the confusion manifested by several of the trial courts in this consolidated appeal, cannot, however, be read in isolation from the first paragraph of the syllabus and the body of the opinion, which clearly and obviously direct themselves to instances of defendants *acquitted of criminal charges.* It cannot, without doing violence to the opinion and to the clear meaning of the statute, be read to allow trial courts discretion to grant judicial (*i.e.,* extra-statutory) expungement relief to *those convicted of an offense.* In such cases, the statute must be held to provide the exclusive means of remedy. Any other reading of *Pepper Pike*, it seems to us, ignores the obvious thrust of the opinion, and would inevitably result in a frustration of the statute, which sets out the conditions under which relief may be granted with great specificity, substantial detail, and without the relatively broad discretionary authority approved under the facts of *Pepper Pike* and attempted by the trial court here." *Id.,* 19 Ohio App.3d at 216–217, 19 OBR at 360–361, 484 N.E.2d at 209–210.

We find the foregoing analysis persuasive. Appellant has cited no cases contrary to the holding in *Weber, supra.* Further, we have found a number of cases which have limited *Pepper Pike* to cases involving no conviction. In *State v. Moore* (1986), 31 Ohio App.3d 225, 31 OBR 508, 510 N.E.2d 825, the court cited *Weber, supra,* favorably and held that "statutory expungement, not judicial, is the exclusive means of remedy to those persons convicted of an offense" sought to be expunged. *Id.* at 227, 31 OBR at 510, 510 N.E.2d at 827. See, also, *State v. Winkelman* (1981), 2 Ohio App.3d 465, 2 OBR 561, 442 N.E.2d 811 (*Pepper Pike, supra,* directed toward the inequity which results from the availability of statutory expungement for convicted first offenders but not for those not convicted), and *State v. Grove* (1986), 29 Ohio App.3d 318, 29 OBR 418, 505 N.E.2d 297. (*Pepper Pike, supra,* granted jurisdiction to Ohio courts to seal the records in criminal cases where the charges have been dismissed with prejudice by the party initiating the proceedings).

Because appellee was convicted, his only remedy was statutory. Since his criminal record could not be statutorily expunged because he was not a first-time offender, the lower court's judgment expunging appellee's criminal record is reversed and the cause is remanded with direction to the trial court to dismiss appellee's application for expungement.

*Judgment reversed
and cause remanded.*

HOMER E. ABELE, P.J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I respectfully dissent on the grounds that the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution still apply.