The STATE of Ohio, Appellant,

v.

LEERS, Appellee.

[Cite as *State v. Leers* (1992), 84 Ohio App.3d 579.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 63615.

Decided Dec. 28, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellant.

*Richard D. McClure,* for appellee.

*Per Curiam.*

The state of Ohio appeals from a judgment entered by the Cuyahoga County Court of Common Pleas expunging a prior criminal conviction of defendant-appellee, Robert Leers. The state claims that the trial court erred in granting expungement because the defendant was convicted of a non-probationable offense and was ineligible to have his record sealed pursuant to R.C. 2953.36. We agree. For the reasons which follow, the judgment of the trial court is reversed.

On December 15, 1986, the defendant was arrested in an undercover operation and was subsequently indicted for the sale of marijuana in a quantity equal to or exceeding three times the bulk amount (R.C. 2925.03[A][7]); permitting the use of a motor vehicle in a felony drug offense (R.C. 2925.13); possession of criminal tools (R.C. 2923.24); and possession of cocaine less than the bulk amount (R.C. 2925.11).

On May 12, 1987, the defendant pled guilty to the first two counts of the indictment and the trial court sentenced him to a term of two to fifteen years, with six months' actual incarceration on count one and six months on count two, to be served concurrently with count one. The defendant served his sentence and completed his probationary period on December 19, 1988. On January 22, 1992 he filed an application to expunge his record (R.C. 2953.22). On March 26, 1992 the court granted expungement and filed its journal entry on April 6, 1992. The state filed its appeal on April 2, 1992.

"The trial court erred in granting the expungement as appellee was convicted of a non-probationable offense and therefore, was ineligible for the sealing of records pursuant to R.C. 2953.36."

R.C. 2953.22 (sealing of the record of conviction) provides that a conviction may be expunged subject to limitations set forth in R.C. 2953.36.

R.C. 2953.36 (application of preceding sections) provides:

"Sections 2953.31 to 2953.35 of the Revised Code do not apply to convictions where the offender is not eligible for probation * * *."

R.C. 2951.02 (criteria for and against probation or suspension of sentence) provides in relevant part:

"(F) An offender shall *not be placed on probation,* and shall not otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

" * * *

"(5) The offender is not eligible for probation or shock probation pursuant to division (C) of section 2903.06 or 2903.07 of the Revised Code *or is sentenced to a term of actual incarceration.*" (Emphasis added.)

The record demonstrates that the defendant was sentenced to a mandatory six-month term of actual incarceration for violating R.C. 2925.03(A)(7), the sale of marijuana in a quantity equal to or exceeding three times the bulk amount.

R.C. 2925.03(E)(3) sets the penalty for plea or conviction of such an offense:

"If the drug involved is marijuana, whoever violates this section is guilty of trafficking in marijuana.

" * * *

"(3) Where the offender has violated division (A)(7) of this section, trafficking in marijuana is a felony of the second degree and *the court shall impose a sentence of actual incarceration of six months.*" (Emphasis added.)

The Supreme Court of Ohio has held that the language of R.C. 2951.02(F)(5) is clear and unambiguous and that a defendant sentenced to a term of actual incarceration is unequivocally ineligible for probation. See *State v. Smith* (1989), 42 Ohio St.3d 60, 63, 537 N.E.2d 198, 201. See, also, *State v. Parsons* (May 30, 1991), Cuyahoga App. No. 60936, 1991 WL 95103, unreported. Under R.C. 2951.02(F)(5), the defendant was not eligible for probation. The fact that he received probation does not "overcome the statutory prohibition of R.C. 2953.36 that one cannot seal a record for a non-probationable offense." *State v. Moore* (1986), 31 Ohio App.3d 225, 227, 31 OBR 508, 510, 510 N.E.2d 825, 827.

Lastly, the defendant contends that the state is precluded from prosecuting this appeal because it failed to make a timely objection to the defendant's application for expungement.

Defendant emphasizes the fact that in *State v. Bissantz* (1987), 30 Ohio St.3d 120, 30 OBR 434, 507 N.E.2d 1117, the state preserved its right to appeal by filing a motion to stay expungement. The defendant's argument is unpersuasive. In *Bissantz* and *Moore, supra,* a final order for expungement had been issued and the state exercised its right of direct appeal.

For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for the entry of an order dismissing the application for expungement of the defendant's recorded conviction.

*Judgment reversed*
*and cause remanded.*

DAVID T. MATIA, C.J., DYKE and FRANCIS E. SWEENEY, JJ., concur.