OPINION
Defendant-appellant, David Fowler, appeals an order of the Fayette County Court of Common Pleas denying his motion to expunge the record of his conviction.
On October 16, 1990, appellant was convicted of complicity in the commission of arson,[1] an offense of violence as defined in R.C.2901.01(A)(9). He was sentenced to an indeterminate term of two to fifteen years on January 11, 1991. On March 27, 1991, appellant's request for shock probation was granted.
On February 10, 2000, appellant filed the subject motion for expungement pursuant to R.C. 2953.32. On March 23, 2000, R.C. 2953.36
was amended to include language which excepts from eligibility for expungement convictions for misdemeanors of the first degree, and felonies when the underlying offense is an offense of violence.
Apparently unaware of the statutory amendment, the trial court granted appellant's request for expungement on April 12, 2000, twenty days after the effective date of the amendment. On December 14, 2000, the Fayette County Prosecutor's Office filed a motion to vacate the expungement order on the ground that the trial court lacked jurisdiction to grant the expungement. On February 5, 2001, the trial court granted the state's motion and entered an order vacating the expungement. This appeal followed.
Appellant's two assignments of error combined argue that he was eligible for expungement when he applied for it, and that application expost facto of a statute that was amended effective after his application was filed is impermissible because it divests him of substantive rights.
Section 28, Article II of the Ohio Constitution provides a limitation that the General Assembly shall have no power to pass retroactive laws. This limitation applies only to substantive law and does not apply to remedial law. Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354,356. It is well-established law in Ohio that the expungement provisions set forth in R.C. 2953.31 et seq. are remedial in nature. State v.Bissantz (1987), 30 Ohio St.3d 120, 121; State v. Heaton (1995),108 Ohio App.3d 38, 40-41.
The right to expungement under R.C. 2953.32 is a form of postconviction relief and the statute does not convey any substantive rights. Id. Therefore, application of the current version of R.C. 2953.36 to a request for expungement filed prior to the effective date of the amendment does not violate Section 28, Article II of the Ohio Constitution. Id.
Nor is appellant eligible for judicial expungement. Ohio trial courts have jurisdiction to order expungement in criminal cases where the charges are dismissed without prejudice prior to trial. City of PepperPike v. Doe (1981), 66 Ohio St.2d 374, at paragraph one of the syllabus. However, because appellant was convicted, his only remedy was statutory.State v. Netter (1989), 64 Ohio App.3d 322, 325-326.
At the time the expungement order was filed, appellant was not eligible for expungement because R.C. 2953.36 excepts offenses of violence from eligibility for expungement. The trial court lacked jurisdiction under the statute to grant the expungement order and remedied the error when it vacated the order. Accordingly, appellant's two assignments of error are overruled. The judgment of the trial court is affirmed.
YOUNG, P.J., and VALEN, J., concur.
[1] A violation of R.C. 2923.03 and 2909.03(A)(4) and (F)(3).