DECISION
{¶ 1} Kevin B. Bailey, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court denied his application to seal his record.
 {¶ 2} On July 26, 1991, appellant was indicted on one count of rape, in violation of R.C. 2907.02, a first-degree felony, and one count of kidnapping, in violation of R.C. 2905.01, a first-degree felony. On January 22, 1992, appellant pled guilty to one count of sexual battery, in violation of R.C. 2907.03, a third-degree felony. He was sentenced to 18 months incarceration, all 18 months of which were suspended conditioned upon appellant completing two years of probation and paying a $500 fine. The probation period was extended for one year because he failed to pay his fine as of February 1995. He was declared an absconder in July 1995 for having failed to report to the probation department. On October 20, 1995, the probation department filed a request to revoke appellant's probation, and a revocation hearing was held on November 14, 1995. Appellant was permitted to remain on probation, and his sentence was completed on January 3, 1996.
 {¶ 3} On November 7, 2001, appellant filed an application to seal his conviction record pursuant to R.C. 2953.32. On January 10, 2002, the State of Ohio, plaintiff-appellee, objected to the application on grounds that his conviction was not eligible for expungement pursuant to R.C.2953.36(B). On February 21, 2002, appellant filed a reply and also a motion to expunge his record pursuant to the court's equitable authority under City of Pepper Pike v. Doe (1981), 66 Ohio St.2d 374, asserting that, although a first-time offender may not seek an expungement utilizing R.C. 2953.36, nothing in the language of that section indicates that conviction under R.C. 2907.03 may not be expunged under any circumstances. On March 21, 2002, the trial court denied appellant's motions, finding that R.C. 2953.36 precluded the court from exercising any equitable authority under the circumstances. Appellant appeals the trial court's judgment, asserting the following two assignments of error:
 {¶ 4} "I. The trial court erred in determining that the language of R.C. 2953.36, the expungement statute, precludes the sealing of convictions under R.C. 2907.03.
 {¶ 5} "II. The trial court erred in determining that a trial court does not have authority to seal a record of conviction for a first-time offender using its equitable authority."
 {¶ 6} We will address appellant's assignments of error together, as they are related. Appellant argues in his assignments of error the trial court erred in finding that R.C. 2953.36 precludes the sealing of a conviction under R.C. 2907.03 using its equitable powers. R.C. 2953.31
through 2953.36 permits certain offenders to expunge their records. However, R.C. 2923.36(B) provides that R.C. 2953.31 to 2953.35 do not apply to convictions under R.C. 2907.03. Thus, it is clear that appellant may not have his conviction expunged under R.C. 2953.31 through 2953.35
because his conviction for sexual battery was pursuant to R.C. 2907.03.
 {¶ 7} Appellant concedes he may not obtain expungement statutorily; however, he argues that he is not precluded from obtaining expungement pursuant to the trial court's equitable powers. He asserts that R.C. 2923.36(B) merely states that expungement may not be gained using R.C. 2953.31 to 2953.35, and it does not preclude the use of equitable remedies to gain expungement for convictions under R.C. 2907.03, citing Pepper Pike, supra, at 377. Although appellant's argument is creative, it is not novel. This issue has been addressed by several courts. In State v. Wilfong (Mar. 16, 2001), Clark App. No. 2000-CA-75, the defendant had previously been convicted of sexual battery. The defendant argued that even where there was no statutory authority to grant an expungement under R.C. 2953.32, a court could still order a record sealed by exercise of its inherent powers. The appellate court disagreed, stating:
 {¶ 8} "While it is true that a trial court has inherent power to order an expungement absent statutory authority, it is a limited power. State v. Brasch (1997), 118 Ohio App.3d 659, 663, citing Pepper Pike v. Doe (1981), 66 Ohio St.2d 374, 377. A trial court may only order an expungement absent statutory authority in `the rare case where the accused can demonstrate unusual and exceptional circumstances.' Id., citing State v. Stadler (1983), 14 Ohio App.3d 10, 11. More importantly, this power is limited to situations in which the defendant has been acquitted of the offense or the charges have been dismissed. Id.; In re Application to Seal Record of No Bill (1999), 131 Ohio App.3d 399,403-04; Stadler, supra, at 11; State v. Stamps (June 26, 1996), Hamilton App. No. C-950276, unreported.
 {¶ 9} "In this case, Wilfong was convicted of sexual battery following his no contest plea. Because he was convicted, he was not eligible for judicial expungement[.]"
 {¶ 10} Appellant, like the defendant in Wilfong, was convicted of sexual battery. We agree with the court in Wilfong that, having been precluded from obtaining expungement of his conviction under the statutory remedy, appellant may not now seek expungement pursuant to the inherent equitable powers of the court.
 {¶ 11} Appellant's citation to Pepper Pike, supra, is unconvincing. Pepper Pike dealt with the question of whether a defendant charged with, but not convicted of, a criminal offense has a right to a judicial expungement of a criminal record. In State v. Weber (1984),19 Ohio App.3d 214, the Hamilton County Court of Appeals held that the extra-statutory expungement in Pepper Pike applies only when the defendant is acquitted of the criminal offense or to cases where the charges are dismissed prior to trial. Thus, according to the court in Weber, statutory expungement, not judicial expungement, is the exclusive means of remedy to those persons convicted of an offense. In addition, the Cuyahoga County Court of Appeals held that, where a defendant has been convicted of an offense, expungement may be granted only as allowed by statute, and the court may not use the judicial (i.e., extra-statutory) expungement remedy used in Pepper Pike. State v. Moore (1986), 31 Ohio App.3d 225, 227. Other courts have ruled similarly. See, e.g., State v. Netter (1989), 64 Ohio App.3d 322, 325-326 (because the defendant was convicted of the offense, his only remedy was statutory expungement, distinguishing Pepper Pike); State v. Fowler (Sept. 24, 2001), Fayette App. No. CA2001-03-005 (because the defendant was convicted of an offense excepted under R.C. 2953.36, his only remedy was statutory, distinguishing Pepper Pike).
 {¶ 12} We agree with the holdings of these courts. Because appellant was convicted of an offense that is excepted from statutory expungement under R.C. 2923.32, he may not seek expungement of his record using the equity powers of the trial court. The only remedy for a convicted defendant is expungement through the statute. For these reasons, the trial court did not err in denying appellant's application to seal his record.
 {¶ 13} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK, P.J., and LAZARUS, J., concur.