# CITY OF MEDINA

v.

# HANNAN.

2003-Ohio-3923.]

Medina Municipal Court.

No. 02 CRB 00804.

Decided June 11, 2003.

Sharlene Zee, Medina City Prosecutor, for plaintiff.

Peter T. Cahoon, for defendant.

DALE H. CHASE, Judge.

{¶ 1} This matter is before the court on the defendant's motion to dismiss on the ground that the Medina city drug abuse ordinance concerning possession of marijuana conflicts with the general laws of the state of Ohio. To the extent that the defendant's motion presents due process and equal protection arguments, the court finds that these issues have not been adequately preserved in the record and no evidence has been presented to support either argument.

{¶ 2} Section 3, Article XVIII of the Ohio Constitution (the Home Rule Amendment) states:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

{¶ 3} The defendant argues that the Medina city ordinance making possession of less than 100 grams of marijuana a first degree misdemeanor with a mandatory three-day jail sentence violates the "Home Rule" provision of the Ohio Constitution because it "criminalizes conduct that is expressly not criminalized by the Ohio Revised Code."

{¶ 4} The first question is whether R.C. 2925.11 is a "general law" as that term is used in Section 3, Article XVIII of the Ohio Constitution. If the answer to this question is in the affirmative, then the second question is whether the Medina city ordinance is in conflict with this general law.

## A. Comparison of Ordinance and Revised Code

{¶ 5} Here is a comparison of the ordinance and the statute:

| Medina City Ordinance 513.03 | Ohio Revised Code 2925.11 |
|---|---|
| "(a) No person shall knowingly obtain, possess or use a controlled substance * * * | "(A) No person shall knowingly obtain, possess or use a controlled substance * * * |
| " * * * | " * * * * |
| "(c) Whoever violates this section is guilty of drug abuse: * * * | "(C) |
| " * * * * | " * * * * |

"(2) If the drug is marihuana, a resin extraction or preparation derived from marihuana, in an amount less than bulk as defined in Section 513.01(S)(3), drug abuse is a misdemeanor of the first degree, and upon conviction of or pleading guilty to such violation if the amount of marihuana is less than 100 grams, the court shall impose a period of incarceration of not less than three days * * * "

"(3) If the drug involved in the violation is marihuana or a compounded, mixture, preparation, or substance containing marihuana, other than hashish, whoever violates division (A) of this section is guilty of possession of marihuana. The penalty for the offense shall be determined as follows:

"(a) Except as otherwise provided * * * possession of marihuana is a minor misdemeanor * * *

No comparable section.

"(D) Arrest or conviction for a minor misdemeanor violation of this section does not constitute a criminal record and need not be reported by the person so arrested or convicted in response to any inquiries about the person's criminal record, including any inquiries contained in any application for employment, license, or other right or privilege, or made in connection with the person's appearance as a witness."

## B. Different Collateral Consequences

{¶ 6} There are different collateral consequences (See Civil Disabilities of Convicted Persons, Part VIII of Chapter 23 [Standards on the Legal Status of Prisoners], A.B.A. Criminal Justice Standards; Johnson, Collateral Consequences, Criminal Justice [Fall 2001] 32.) for violating the state statute and the city ordinance.

{¶ 7} A "drug abuse offense" is defined at R.C. 2925.01:

"(G): 'Drug abuse offense' means any of the following:

"(1) A violation of division (A) of section 2913.02 that constitutes theft of drugs, or a violation of section 2925.02, 2925.03, 2925.04, 2925.041, 2925.05, 2925.06, *2925.11*, 2925.12, 2925.13, 2925.22, 2925.23, 2925.24, 2925.31, 2925.32, 2925.36 or 2925.37 of the Revised Code;

"(2) A violation of an existing or former law of this or any other state or of the United States that is substantially equivalent to any section listed in division (G)(1) of this section;

"(3) An offense under an existing or former law of this or any other state, or of the United States, of which planting, cultivating, harvesting, processing, making, manufacturing, producing, shipping, transporting, delivering, acquiring, possessing, storing, distributing, dispensing, selling, inducing another to use, administering to another, using, or otherwise dealing with a controlled substance is an element;

"(4) A conspiracy to commit, attempt to commit, or complicity in committing or attempting to commit any offense under division (G)(1), (2), or (3) of this section." (Emphasis added.)

{¶ 8} The state statute definition of a "drug abuse offense" does *not* include comparable municipal ordinances. Therefore, conviction under the Medina city ordinance is not a "drug abuse offense" as categorized by state law. Because the state statute includes a conviction for violating R.C. 2925.11, possession of less than 100 grams of marijuana is a "drug abuse offense" if the conviction is for the state statute.

{¶ 9} R.C. 2925.11(E)(2) provides that upon conviction of a "drug abuse offense" a court shall suspend the Ohio driver's license of the convicted person for "not less than six months or more than five years." Conviction under the Medina city ordinance does not result in a driver's license suspension.

{¶ 10} R.C. 2925.11(E)(3) provides:

"(3) If the offender is a professionally licensed person or a person who has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules, in addition to any other sanction imposed for a violation of this section, the court forthwith shall comply with section 2925.38 of the Revised Code."

{¶ 11} R.C. 2925.38 (convictions to be reported to professional licensing authorities) provides:

"If a person who is convicted of or pleads guilty to a violation of section 2925.02, 2925.03, 2925.04, 2925.041, 2925.05, 2925.06, *2925.11*, 2925.12, 2925.13, 2925.14, 2925.22, 2925.23, 2925.31, 2925.32, 2925.36 or 2925.37 of the Revised Code is a professionally licensed person, in addition to any other sanctions imposed for the violation, the court forthwith shall transmit a certified copy of the judgment entry of conviction to the regulatory or licensing board or agency that has the administrative authority to suspend or revoke the offender's professional license. If a person who is convicted of or pleads guilty to a violation of any section listed in this section is a person who has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules, in addition to any other sanctions imposed for the violation, the court forthwith shall transmit a certified copy of the judgment entry of

conviction to the secretary of the board of commissioners on grievances and discipline of the supreme court and to either the disciplinary counsel or the president, secretary, and chairperson of each certified grievance committee." (Emphasis added.)

{¶ 12} R.C. 2925.01(W) defines 35 classifications of a "professionally licensed person" including certified public accountants, architects, auctioneers, dentists and dental hygienists, registered and practical nurses, pharmacists, physicians, psychologists, veterinarians, security guards, real estate agents, and junkyard operators.

{¶ 13} Because a conviction under the Medina city ordinance is not defined as a "drug abuse offense" under state law, persons convicted of violating this ordinance do not have their convictions reported to the licensing authorities, while persons convicted under state law do.

### C. Expungement of Previous or Future Criminal Convictions

{¶ 14} The General Assembly could have said that a minor misdemeanor conviction for possession of less than 100 grams of marijuana was not a criminal conviction. It did not. The General Assembly said only that such a conviction "does not constitute a criminal record." R.C. 2925.11(D).

{¶ 15} State statutes provide for the sealing of the record of a criminal conviction or dismissal. R.C. 2953.31 provides that a minor misdemeanor is not a "previous or subsequent conviction."

{¶ 16} Conviction of a minor misdemeanor or dismissal of a minor misdemeanor charge constitutes an offense for expungement purposes. *State v. Von Korff* (1984), 19 Ohio App.3d 214, 19 OBR 359, 484 N.E.2d 207 (1st Dist.); *State v. Olding* (Nov. 14, 1984), 1st Dist. No. C–840150, 1984 WL 7065. This means that the conviction itself can be expunged.

{¶ 17} A conviction under R.C. 2925.11(A) of a minor misdemeanor for possession of less than 100 grams of marijuana does not disqualify the defendant from sealing the record of a previous or future charge.

{¶ 18} A conviction under the Medina city ordinance, which makes possession of less than 100 grams of marijuana a first degree misdemeanor, does prevent an individual from sealing the record of a previous or future charge.

{¶ 19} An individual convicted of possession of less than 100 grams of marijuana under the state statute could still expunge the record of a conviction at age 18 of stealing a $.60 candy bar from a convenience store.

{¶ 20} That same individual convicted of possession of the identical small amount of marijuana in the city of Medina cannot expunge the record of a candy

bar theft at age 18. The candy bar theft follows that person the rest of his or her life.

{¶ 21} Similar circumstances will prevent a young man or woman convicted under the Medina city ordinance from sealing the record of drinking a beer when underage.

### D. R.C. 2925.11 is a "General Law"

█ {¶ 22} It is well-settled law in Ohio that R.C. 2925.11 is a general law. The Ohio Supreme Court held that "[t]he words 'general laws' as set forth in Section 3 of Article XVIII of the Ohio Constitution mean statutes setting forth police, sanitary, or other similar regulations and not statutes which purport only to grant or limit the legislative powers of a municipal corporation to adopt or enforce police, sanitary, or other similar regulations." *Niles v. Howard* (1984), 12 Ohio St.3d 162, 164, 12 OBR 232, 466 N.E.2d 539. The court further held that "[t]he drug laws of the state of Ohio are clearly statutes setting forth police regulations and are, therefore, 'general laws.'" Id. Accordingly, R.C. 2925.11 is a general law as that term is used under Section 3, Article XVIII of the Ohio Constitution.

### E. Medina Ordinance 513.03(A) is in Conflict with the General Laws of the State of Ohio

█ {¶ 23} Both the Ohio Supreme Court and the Ninth District Court of Appeals have spoken to the issue of a municipal marijuana ordinance providing for a greater penalty than the Revised Code. Both courts determined that the municipal ordinance was constitutional. *Niles v. Howard*, 12 Ohio St.3d 162, 12 OBR 232, 466 N.E.2d 539; *Medina v. Ratkowski* (Mar. 14, 2001), 9th Dist. No. 3075–M, 2001 WL 251356. These courts held such an ordinance to be constitutional because the degree of the offense was left unchanged in that it remained a misdemeanor, and the only difference was that there was an increase in penalty. The Supreme Court further held that increasing a state law from a misdemeanor to a felony would be an unconstitutional change in the level or degree of the offense.

{¶ 24} This court places great value on precedent. However, these decisions do not adequately focus on the actions by the General Assembly on classification of offenses and on new case law on classification of minor misdemeanors. This court also gives great deference to the actions of the General Assembly as the representatives of the people of the state of Ohio in the choices of statutory language and the rules for statutory interpretation.

{¶ 25} When the Medina City Council chose to criminalize the possession of less than 100 grams of marijuana by making the offense a misdemeanor of the

first degree, the council altered the degree of the offense. In *State v. Montecalvo* (Sept. 5, 1990), Lorain App. No. 89CA004653, 1990 WL 129245, Judge Cacioppo stated in her dissent:

"When the General Assembly created a separate class of offense as minor misdemeanors, they did not define such offenses as an additional lesser degree within misdemeanor offenses from the first to fourth degree, but created a distinct class of offenses. * * * Thus, as a matter of statutory construction, misdemeanors are a distinct class of offenses from minor misdemeanors * * *."

{¶ 26} The Ohio Supreme Court adopted Judge Cacioppo's view in *State v. Collins* (1993), 67 Ohio St.3d 115, 616 N.E.2d 224. In *Collins*, the court was asked to determine whether an offense classified as a minor misdemeanor under the Revised Code was a misdemeanor for purposes of the involuntary manslaughter statute. At the time *Collins* was decided, the involuntary manslaughter statute read, "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit a misdemeanor." R.C. 2903.04(B). The state argued that for purposes of the involuntary manslaughter statute, the underlying misdemeanor offense included offenses classified as minor misdemeanors and urged the Supreme Court to follow the conflict case of *Montecalvo*. However, the court found the dissent of Judge Cacioppo in *Montecalvo*, cited above, to be the appropriate rationale. The court held:

"Throughout R.C. Title 29, minor misdemeanors are distinguished from other misdemeanors. In R.C. 2901.02 (classification of offenses), the General Assembly has delineated various categories of crimes. Misdemeanors are further subdivided into four degrees. Minor misdemeanors have their own category. This same classification is found in R.C. 2929.21, which establishes separate penalties for misdemeanors, up to six months in jail, and for minor misdemeanors, a fine of up to $100 only. In addition, there is no right to a jury trial for a misdemeanor offense. R.C. 2945.17. Moreover, a prosecution for a minor misdemeanor must be brought within six months (as opposed to two years for a misdemeanor and six years for a felony). R.C. 2901.13(A). Also, a trial for a minor misdemeanor must be held within thirty days after arrest or the service of summons (once again, different time constraints than those for misdemeanors and felonies). R.C. 2945.71.

"The rule of statutory construction is that penal laws 'shall be strictly construed against the state, and liberally construed in favor of the accused.' R.C. 2901.04(A). Having classified misdemeanors and minor misdemeanors separately, and having provided for several distinctions in various code provisions, the General Assembly cannot be presumed to have intended that they merge into one classification, that of 'misdemeanors,' for purposes of the involuntary

manslaughter statute. Any uncertainty must be resolved against the state." *Collins,* supra.

{¶ 27} Thus, the court held that a minor misdemeanor could not serve as the underlying predicate offense for purposes of the involuntary-manslaughter statute. Because the General Assembly did not list minor misdemeanors as a predicate offense, the court was not willing to define misdemeanor as including minor misdemeanors for purposes of the involuntary-manslaughter statute. Therefore, the Supreme Court has recognized the difference in offense degree between misdemeanors and minor misdemeanors.

{¶ 28} Other cases from the Supreme Court support the view that minor misdemeanors and misdemeanors are different offense levels. In *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 715 N.E.2d 167, the court stated:

"In *Collins,* we interpreted the statutory language of former R.C. 2903.04(B), which stated that it applied to 'misdemeanors.' Under the principles of statutory construction, and in reviewing various sections of R.C. Title 29 that differentiate between misdemeanors and minor misdemeanors, we found that the statute as written did not include minor misdemeanors. Thus, we held that offenses classified as minor misdemeanors could not serve as a predicate offense for a charge of involuntary manslaughter. Since the General Assembly has amended R.C. 2903.04 so that Ohio's involuntary manslaughter statute now encompasses minor misdemeanors as predicate offenses, the current version of R.C. 2903.04 differs from that which we interpreted in *Collins.* Thus, our decision in *Collins* has no bearing on our decision today." Id. at 372–373, 715 N.E.2d 167.

{¶ 29} Thus, the Supreme Court stated, after *Collins,* that using the term "misdemeanor" would not encompass minor misdemeanors because the terms are explicitly differentiated by the General Assembly in the Revised Code.

{¶ 30} An examination of the statutory language adopted by the Ohio General Assembly in the Revised Code supports this conclusion. Examining the language of R.C. 2901.02 demonstrates that a misdemeanor of the first degree and a minor misdemeanor are different levels of offenses. R.C. 2901.02 (classification of offenses) states:

"(A) Offenses include aggravated murder, murder, felonies of the first, second, third, fourth, and fifth degree, misdemeanors of the first, second, third, *and* fourth degree, minor misdemeanors, and offenses not specifically classified.
"* * *

"(F) Any offense not specifically classified is a misdemeanor if imprisonment for not more than one year may be imposed as a penalty.

"(G) Any offense not specifically classified is a minor misdemeanor if the only penalty that may be imposed is a fine not exceeding one hundred dollars." (Emphasis added.)

{¶ 31} It is apparent from examining R.C. 2901.02(A) that the General Assembly did not intend minor misdemeanors to be the same degree or classification as misdemeanors. Had the General Assembly desired to include minor misdemeanors under the classification of "misdemeanors" it would have drafted R.C. 2901.02(A) to read "misdemeanors of the first, second, third, fourth degree, *and* minor misdemeanors." The General Assembly has purposefully classified minor misdemeanors separately from misdemeanors of the first, second, third, and fourth degree and has classified minor misdemeanors as a separate degree of offense.

{¶ 32} This reading of the statutory language is further supported by reviewing R.C. 2901.02(F) and (G). R.C. 2901.02(F) states that "[a]ny offense not specifically classified is a misdemeanor if imprisonment for not more than one year may be imposed as a penalty." Because *minor misdemeanors cannot carry imprisonment* as a form of punishment, they cannot be classified as misdemeanors under R.C. 2901.02(F) and have in fact been classified as a separate level of offense by the General Assembly. The fact that the Ohio General Assembly chose to define minor misdemeanor separately in R.C. 2901.02(G) also indicates that the General Assembly viewed misdemeanors and minor misdemeanors as different degrees of offenses.

## F. Holding

{¶ 33} This court holds that an increase in offense level from a minor misdemeanor to a misdemeanor of the first degree is an increase in the level or degree of the offense as well as the penalty. Therefore, Medina City Ordinance 513.03(A) is in conflict with R.C. 2925.11(A), a general law of the state of Ohio, and violates the Ohio Constitution.

{¶ 34} The motion to dismiss is granted.