OPINION
{¶ 1} Defendant-appellant, Bradley Kidd ("Kidd"), appeals from the judgment of the Portage County Court of Common Pleas, denying his application for expungment. We affirm the decision of the trial court.
 {¶ 2} On August 16, 1994, Kidd was charged in the Portage County Court of Common Pleas, with one count of drug possession, a felony of the fourth degree, in violation of R.C. 2925.11, related to an April 1994 incident in which Kidd was arrested for possession of psilocybin, a Schedule I controlled substance. Approximately one week later, Kidd was arrested by the Bainbridge Police in Geauga County and subsequently convicted on a charge of operating a vehicle while under a suspended license. On September 2, 1994, the court held a hearing, where it accepted Kidd's written plea of guilty and referred the case to the Adult Probation Department.
 {¶ 3} On January 9, 1995, a sentencing hearing was held, and the trial court sentenced Kidd to eighteen months probation and a fine of $1,000.
 {¶ 4} On February 11, 2004, Kidd applied to the Portage County Court of Common Pleas to have his criminal record related to the drug possession charge sealed, alleging that he had no prior or subsequent charges and had no pending criminal proceedings.
 {¶ 5} On June 7, 2004, Kidd filed a motion for expungement. On June 10, 2004, the State filed a motion to dismiss Kidd's motion for expungement, arguing under R.C. 2953.31(A), which defines first time offenders for the purposes of R.C. 2953.32, the expungement statute, Kidd was not entitled to the motion, since he was charged and convicted for driving under a suspended license approximately a week after his arrest for drug possession.
 {¶ 6} On June 15, 2004, the trial court dismissed Kidd's motion for expungment, finding that, due to Kidd's second conviction, the court lacked jurisdiction to grant Kidd's motion.
 {¶ 7} Kidd timely appealed, presenting a single assignment of error:
 {¶ 8} "The trial court erred in dismissing Defendant's motion for expungement for lack of jurisdiction."
 {¶ 9} We note, at the outset, that the trial court's and Kidd's use of the phrase "lack of jurisdiction" is unfortunate and somewhat misleading. If the trial court has subject matter jurisdiction, under either the expungement statute or judicial expungement, as this court does, the essential question then becomes whether the court properlyexercises its jurisdiction. See, State v. Wilfong (Mar. 16, 2001), 2nd Dist. No. 2000-CA-75, 2001 Ohio App. LEXIS 1195.
 {¶ 10} Kidd concedes that he is not a first time offender as defined by R.C. 2953.31 and is therefore ineligible for expungement under the R.C. 2953.32. However, he argues the Ohio Supreme Court's holding inPepper Pike v. Doe (1981), 66 Ohio St.2d 374 grants a trial court the authority to order expungement where "unusual and exceptional circumstances make it appropriate to exercise jurisdiction." Id. at paragraph two of the syllabus. Kidd maintains that his misplaced reliance on an attorney's advice with regard to the status of his driving privileges, prior to his conviction on the driving under suspension charge, qualified as an "unusual and exceptional circumstance," as contemplated by the court in Pepper Pike. We disagree.
 {¶ 11} "[E]xpungement is an act of grace created by the state." Statev. Hamilton, 75 Ohio St.3d 636, 639, 1996-Ohio-440. It may be granted by either statute or judicial authority. State v. Stadler (1983),14 Ohio App.3d 10; State v. Ruffle (Jul.14, 1997), 12th Dist. No. CA96-12-124, 1997 Ohio App. LEXIS 3028, at *2. However, the authority of a court to grant judicial expungement is limited to "unusual and exceptional circumstances" related to the preservation of a person's privacy interest. Pepper Pike, 66 Ohio St.3d at 376.
 {¶ 12} In Ohio, appellate courts, including this one, have uniformly limited this remedy to cases where the person seeking expungment was not convicted of an offense. State v. Brewer 11th Dist. No. 2001-L-186, 2003-Ohio-701, at ¶ 18 (holding statutory expungement as the sole remedy in cases where a defendant was convicted); State v. Weber (1984),19 Ohio App.3d 214, at paragraph two of the syllabus; State v. Netter
(1989), 64 Ohio App.3d 322, 324; State v. Bailey 10th Dist. No. 02AP-406, 2002-Ohio-6740, at ¶ 11; Ruffle, 1997 Ohio App. LEXIS 3028, at *3. "Any other reading of Pepper Pike * * * ignores the obvious thrust of the opinion, and would inevitably result in frustration of the statute * * *." Netter, 64 Ohio App.3d at 325 (citation omitted).
 {¶ 13} In the instant case, Kidd admits that he was convicted on two separate offenses, and further concedes that his two convictions prevent him from having his record expunged under R.C. 2953.32. A motion to expunge is not a proper means of challenging the propriety of an underlying conviction, particularly one over ten years old, nor would an appeal from a judgment of the Portage County Court be proper to challenge a Geauga County conviction. The circumstances surrounding Kidd's convictions are simply not the type of "unusual and exceptional circumstances" contemplated by the Supreme Court in Pepper Pike. Thus, the court did not err in declining to exercise jurisdiction in this matter. Kidd's assignment of error is without merit.
 {¶ 14} For the foregoing reasons, we affirm the judgment of the Portage County Court of Common Pleas.
Ford, P.J., O'Toole, J., concur.