[Cite as *State v. E.A.*, 2017-Ohio-180.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103829**

---

# STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

# E.A.

DEFENDANT-APPELLEE

---

## JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-96-347043-ZA

**BEFORE:** Celebrezze, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 19, 2017

**ATTORNEYS FOR APPELLANT**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Robert L. Tobik
Cuyahoga County Public Defender
BY:    John T. Martin
Assistant Public Defender
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, the state of Ohio, seeks to overturn a lower court's decision to grant an application for the sealing of criminal records of conviction filed by appellee, E.A. The state argues that the trial court erred when it failed to hold a hearing on the motion, and also erred in granting the expungement when E.A. was not eligible for expungement. After a thorough review of the record and law, this court reverses.

## I. Factual and Procedural History

{¶2} As part of a plea agreement, E.A. pled guilty to attempted robbery to resolve multiple counts of robbery and theft with which he had been indicted on February 4, 1997. E.A. was sentenced to a suspended six-month sentence, placed on one year of community control, fined $250, and ordered to pay court costs. He then completed his community control without serious incident.

{¶3} On April 9, 2015, E.A. filed an application for the sealing of records of conviction pursuant to R.C. 2953.32. The state responded with a brief in opposition. The lower court ordered an "expungement report/investigation" on April 15, 2015. The docket does not reflect that a hearing date was set, but a November 4, 2015 journal entry indicates that the matter was called for hearing on that day. The journal entry indicates that the court provided the state with notice of the hearing, but the state did not attend. The journal entry further indicates that a hearing was held without a prosecutor in attendance. The court granted the application and sealed E.A.'s records of criminal

conviction. The state then filed the instant appeal raising one assignment of error for review:

> I. A trial court errs in ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing.

{¶4} Because an issue recently decided by the Ohio Supreme Court is dispositive, it will be addressed first.

## II. Law and Analysis

## A. Eligible Offense

{¶5} While not separately assigned as error, the state argues within its single assignment of error that the trial court erred in sealing E.A.'s records of conviction because E.A. was convicted of an offense of violence. Therefore, he is not eligible for expungement. The state is correct.

{¶6} According to R.C. 2953.32(C), a court must hold a hearing to determine if an applicant is an eligible offender as well as whether any other exception bars the sealing of records as set forth in R.C. 2953.36. One such exclusion is if the applicant was previously convicted of an "offense of violence." R.C. 2953.36(A)(2)-(3). This statutory term is defined in R.C. 2901.01(A)(9):

"Offense of violence" means any of the following:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of

the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any

offense under division (A)(9)(a), (b), or (c) of this section.

{¶7} E.A. was convicted of an attempted violation of R.C. 2911.02, robbery. R.C. 2901.01(A)(9)(a) lists robbery as an offense of violence. R.C. 2901.01(A)(9)(d) also indicates that an attempt to commit an offense listed in R.C. 2901.01(A)(9) is also an offense of violence. Therefore, E.A. is not eligible for the sealing of records of conviction in this matter. *See State v. V.M.D.*, Slip Opinion No. 2016-Ohio-8090.

{¶8} In *V.M.D.*, the Ohio Supreme Court determined that there was no room for statutory interpretation when analyzing the above provisions. *Id*. at ¶ 16. It rejected this court's consideration of other factors and the premise that incorporation of the attempt statute to a crime that already includes an attempted act was too far removed to constitute a crime of violence based on the facts of that case. *Id*. at ¶ 18.

{¶9} According to the Ohio Supreme Court, the statutory definition of "offense of violence" is clear and unambiguous and this court may not deviate from its application.

Therefore, the trial court erred in granting E.A.'s application where E.A. was convicted of an offense of violence, making him ineligible for expungement.

## B. Failure to Hold a Hearing

{¶10} The state claims that the lower court abandoned its statutory duty to hold a hearing before granting E.A.'s application. In light of the above holding, this argument is moot.

{¶11} R.C. 2953.32 provides a limited right to criminal defendants to seal records of criminal conviction but requires the trial court to hold a hearing prior to granting such an application. R.C. 2953.32(B).

{¶12} The state argues that the trial court did not follow the dictates of R.C. 2953.32 and hold a hearing on E.A.'s application. The lower court's journal entry granting E.A.'s application states that a hearing was conducted. However, the docket does not indicate a hearing date was set or notice issued. This court does not need to resolve the inherent conflict between the docket and the journal entry in this case because the records of conviction cannot be sealed. The offense E.A. committed is an offense of violence and not subject to sealing under R.C. 2953.32. Therefore, the state's claim that the court erred because it did not hold a hearing is moot.

## III. Conclusion

{¶13} E.A. is not an eligible offender because his conviction was for an offense of violence. Therefore, the trial court erred in granting his application to seal the records of

his criminal conviction. The state's claim that the court erred when it failed to hold a hearing is moot.

**{¶14}** This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR