[Cite as *State v. D.D.G.*, 2019-Ohio-4982.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | Nos. 108291 and 108342 |
| D.D.G., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 5, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-13-577059-A and CR-09-524279-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Christopher D. Schroeder and Anthony T. Miranda, Assistant Prosecuting Attorneys, *for appellee.*

Mary Elaine Hall, *for appellant.*

MARY J. BOYLE, J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. In this consolidated, accelerated appeal, defendant-appellant, D.D.G., a.k.a. D.G., appeals the trial court's judgments denying his

applications to seal his criminal record in two separate criminal cases.[1]  He raises

two assignments of error for our review:

> 1. Whether the trial court, in [Cuyahoga C.P. No.] CR-13-577059, abused its discretion when it denied the defendant-appellant, D.D.G.'s (aka D.G.'s) Petition for Expungement without holding a hearing?
>
> 2. Whether the trial court, in [Cuyahoga C.P. No.] CR-09-524279, abused its discretion when it did not conduct a balancing test to also include the totality of the expungement statute which contains R.C. 2953.36 and R.C. 2901.01 by reference?

**{¶ 2}** Finding no merit to his assignments of error, we affirm.

**I.     Procedural History and Factual Background**

**{¶ 3}** In July 2009, D.D.G. pleaded guilty to two counts of drug possession

in violation of R.C. 2925.11(A), one a felony of the fifth degree and the other a felony

of the fourth degree in CR-09-524279.  Both counts carried a forfeiture specification.

The trial court sentenced D.D.G. to a one-year term of community control.  It also

ordered D.D.G. to pay court costs.

**{¶ 4}** In September 2013, D.D.G. pleaded guilty to drug trafficking in

violation of R.C. 2925.03(A)(2), a felony of the fifth degree, with a forfeiture

specification in CR-13-577059.  The trial court sentenced him to a one-year term of

community control and ordered D.D.G. to perform 20 hours of community work

service.  It also suspended his driver's license for six months and waived his court

costs.

---

[1] Appeal No. 108342 is an appeal from CR-09-524279-A and Appeal No. 108291 is an appeal from CR-13-577059-A.  We consolidated both appeals for briefing, hearing, and disposition.

{¶ 5}   On January 24, 2019, D.D.G. filed separate applications for sealing in CR-09-524279 and CR-13-577059.[2]   In his applications, D.D.G. acknowledged that he had three felony convictions, stemming from CR-09-524279, CR-13-577059, and Sandusky C.P. No. 13CR567.

{¶ 6}   D.D.G. moved to consolidate both petitions, but the trial court never ruled on that motion, and the petitions proceeded separately before different trial court judges.[3]

{¶ 7}   In both cases, the trial courts ordered an expungement investigation report, which showed that D.D.G. was convicted of four felonies — two counts of drug possession (CR-09-524279), one count of drug trafficking (CR-13-577059), and one count of failure to comply with order or signal of a police officer (13CR567)

---

[2]While D.D.G.'s applications were titled, "motion for expungement," he was technically applying to seal his criminal records.  The terms "expungement" and "sealing," are often used interchangeably; however, they are not the same thing.  Expungement occurs when a conviction is completely erased from one's record.  Sealing is when the records of a conviction are filed in a "separate, secured location" and "cannot be seen by most people."    The Ohio Justice & Policy Center's Criminal Records Manual, *Understanding and Clearing Up Ohio Criminal Records, and Overcoming the Barriers They Create*, http://ohiojpc.org/wp-content/uploads/2015/07/OJPCs-Criminal-Record-Manual.pdf (accessed Sept. 18, 2019).  Ohio does not allow the expungement of adult convictions but, instead, allows offenders to apply to have their records sealed.  *Compare* R.C. 2953.32 ("Sealing of conviction record or bail forfeiture record") and R.C. 2953.52 ("Sealing of records after not guilty finding, dismissal of proceedings or no bill by grand jury") *with* R.C. 2151.358 ("Expungement of sealed records" for juveniles).

[3] In CR-13-577059, the docket reflects that the trial court considered D.D.G.'s motion to consolidate as moot after denying his application to seal.  In CR-09-524279, however, the trial court made no determination about his motion to consolidate the applications in that case.

— and a misdemeanor, noise in motor vehicles, a fourth-degree misdemeanor, in Cleveland M.C. No. 2010 CRB 026869.[4]

{¶ 8} The state opposed both of D.D.G.'s applications, arguing that under R.C. 2953.31(A), D.D.G. was "statutorily ineligible for [sealing his criminal convictions] because he has more than one felony conviction, and one of [his] convictions was a felony of the third degree." The state pointed out that the expungement investigation report showed that in addition to his felony convictions in CR-09-524279 and CR-13-577059, which were in Cuyahoga County Common Pleas Court, D.D.G. was also convicted of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree, in Sandusky C.P. No. 13CR567.[5] Attached to both of the state's briefs in opposition was a printed copy of the docket from D.D.G.'s Sandusky case, showing that he pleaded guilty to failure to comply with an order or signal of a police officer in December 2013, and was sentenced to 180 days in jail, a three-year term of community control sanctions, a driver's license suspension, and a fine on January 21, 2014.

---

[4] The expungement investigation report states that D.D.G. was also convicted of playing of sound devices in motor vehicles in Case No. 2010 CRB 026869. However, the Cleveland Municipal Court's docket shows that while D.D.G. was initially charged with that crime, he was only convicted of noise in motor vehicles.

[5] In CR-13-577059, the state's brief in opposition stated that the expungement investigation report also showed D.D.G. had misdemeanor convictions for playing of sound devices in motor vehicles and noise in motor vehicles. However, as we already noted, the expungement investigation report incorrectly states that D.D.G. was convicted of playing of sound devices in motor vehicles, as the municipal court's docket shows that he was only charged with that crime, but never convicted of it.

{¶ 9} In CR-09-524279, the trial court set a date for a hearing on the petition and held that hearing on March 21, 2019. At the hearing, D.D.G.'s counsel conceded that D.D.G. had a third-degree felony conviction for failure to comply in Sandusky County Common Pleas Court. The trial court denied D.D.G.'s petition in that case, finding that D.D.G. was not an eligible offender under R.C. 2953.31(A) because he was convicted of failure to comply with an order or signal of a police officer, a third-degree felony, and had four felony and two misdemeanor convictions.

{¶ 10} In CR-13-577059, the trial court did not set a date for a hearing on D.D.G.'s petition and denied it without a hearing. The trial court's journal entry stated that it was denying the petition because D.D.G. was not eligible for sealing under R.C. 2953.31(A) because he was convicted of failure to comply with an order or signal of a police officer, a third-degree felony, and had more than one felony conviction.

{¶ 11} It is from these judgments that D.D.G. now appeals.

## II. Law and Analysis

### A. Denial of D.D.G.'s Application for Sealing in Case No. CR-09-524279

{¶ 12} We will address D.D.G.'s assignments of error out of order for ease of discussion. In his second assignment of error, D.D.G. argues that the trial court abused its discretion by not conducting a balancing test and referencing R.C. 2953.36 and 2901.01.

{¶ 13} We review the trial court's denial of D.D.G.'s application to seal his record of conviction for an abuse of discretion. *State v. M.H.*, 8th Dist. Cuyahoga No. 105589, 2018-Ohio-582, ¶ 11, citing *State v. Smith*, 8th Dist. Cuyahoga No. 91853, 2009-Ohio-2380. An abuse of discretion occurs where the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). However, whether an applicant is considered an eligible offender is an issue of law for a reviewing court to decide de novo. *State v. M.E.*, 8th Dist. Cuyahoga No. 106298, 2018-Ohio-4715, ¶ 6, citing *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025. Because the trial courts denied D.D.G.'s applications on the basis that he was an ineligible offender, we review the trial courts' decisions de novo.

{¶ 14} To be "eligible" for sealing, an offender must qualify under either subsection (a) or (b) of R.C. 2953.31(A)(1). Subsection (a) states that an "eligible offender" includes "[a]nyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense[.]" Here, D.D.G. is not an eligible offender under R.C. 2953.31(A)(1)(a) because he has a felony of the third degree for failure to comply with an order or signal of a police officer.

{¶ 15} Subsection (b) states that an "eligible offender" is

[a]nyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two

misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.

{¶ 16} In other words, an offender is eligible for sealing under subsection (b) if the offender only has one felony conviction; one misdemeanor conviction; or one felony conviction and one misdemeanor conviction. Here, D.D.G. has four felony convictions and one misdemeanor conviction. Therefore, he is not an eligible offender under R.C. 2953.31(A)(1)(b).

{¶ 17} Despite the fact that he is clearly ineligible under R.C. 2953.31(A)(1), D.D.G. maintains that the trial court erred in denying his applications and should have granted his applications after conducting the balancing test set forth in the Ohio Supreme Court's decision in *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 421 N.E.2d 1303 (1981). In that case, however, the court reviewed "whether a defendant charged with but not convicted of a criminal offense has a right to * * * expungement of her criminal record." *Id.* at 376. In finding that the defendant was entitled to expungement based on the "unusual and exceptional circumstances" of that case, the court stated:

> When exercising these powers, the trial court should use a balancing test, which weighs the interest of the accused in his good name and right to be free from unwarranted punishment against the legitimate need of government to maintain records. Where there is no compelling state interest or reason to retain the judicial and police records, such as where they arise from a domestic quarrel and constitute vindictive use of our courts, the accused is entitled to this remedy.

*Id.* at 377.

{¶ 18} *Pepper Pike*, however, does not apply here because, unlike the defendant in that case who was not convicted, D.D.G. pleaded guilty to and was

convicted of four felonies in CR-09-524279, CR-13-577059, and 13CR567 respectively. "[N]either the rule of *Pepper Pike* nor its rationale has vitality when the offender has been convicted and is not a first-time offender." *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, 28 N.E.3d 69, ¶ 27; *see also State v. Hilbert*, 145 Ohio App.3d 824, 826-827, 764 N.E.2d 1064 (8th Dist.2001) (noting that the Ohio Supreme Court seemed to treat the General Assembly's amendment of R.C. 2953.31 "as an expression of legislative will that the [*Pepper Pike*] *v. Doe* standard no longer be the controlling test[.]"); *State v. Moore*, 31 Ohio App.3d 225, 227, 510 N.E.2d 825 (8th Dist.1986), citing *State v. Weber*, 19 Ohio App.3d 214, 484 N.E.2d 207 (8th Dist.1984) (where this court recognized that *Pepper Pike* limited "a trial court's discretion to grant judicial expungement relief to instances where the defendant is acquitted of the criminal offense or to cases where the charges are dismissed prior to trial.").

{¶ 19} Further, when the Ohio Supreme Court decided *Pepper Pike* in 1981, Ohio law did not provide any mechanism for sealing the records of criminal cases resulting in acquittal or dismissal, which is now found in R.C. 2953.51, et seq. *State v. Vanzandt*, 142 Ohio St.3d 223, 2015-Ohio-236, 28 N.E.3d 1267, ¶ 11. Here, D.D.G. was neither acquitted, nor were his cases dismissed prior to trial. Rather, he pleaded guilty to and was convicted of two counts of drug possession in CR-09-524279 (a felony of the fifth degree and a felony of the fourth degree); one count of drug trafficking in CR-13-577059 (a felony of the fifth degree); and one count of failure to comply with an order or signal of a police officer in 13CR567 (a felony of the third

degree). Therefore, the balancing test set forth in *Pepper Pike* does not apply to D.D.G.

{¶ 20} Accordingly, D.D.G. was not eligible for sealing of his record of conviction, the trial court did not err since it was not required to conduct a balancing test, and we overrule D.D.G.'s second assignment of error.

### B. Failure to Hold a Hearing on D.D.G.'s Application for Sealing in CR-13-577059

{¶ 21} In his first assignment of error, D.D.G. argues that the trial court erred by not holding a hearing on his application to seal in CR-13-577059, which he argues is mandatory under R.C. 2953.32(B). D.D.G.'s first assignment of error requires us to interpret a statute, which is a question of law that we review de novo. *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9.

{¶ 22} There are a few cases from this court that have held that a trial court is not required to hold a hearing on an offender's application for sealing when the trial court is able to determine that the offender is not eligible as a matter of law without a hearing.

{¶ 23} In *State v. J.K.*, 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, we recognized that the Eighth District has repeatedly held that an oral hearing on an application for sealing is mandatory. *Id.* at ¶ 15. However, we found that because the state only raised an issue of law in its opposition brief — i.e., that J.K. was not eligible under R.C. 2953.36 because he was convicted of attempted arson, an offense

of violence — "an evidentiary hearing was not necessary to address" that issue. *Id.* at ¶ 16.[6]

**{¶ 24}** Subsequent decisions from this court have cited to *J.K.* for the proposition that a hearing is not necessary when the offender's noneligibility is a question of law and can be determined by proof or documentation included in the record. *See State v. V.S.*, 8th Dist. Cuyahoga No. 105264, 2017-Ohio-1565, ¶ 11 ("Appellant's OVI conviction is excluded by R.C. 2953.36(A)(2) * * * and may not be sealed. Therefore, when a conviction an applicant is attempting to seal is for one of [the crimes excluded under R.C. 2953.36], the court need not hold a hearing because the statutory provisions do not apply."); *State v. E.A.*, 8th Dist. Cuyahoga No. 103829, 2017-Ohio-180, ¶ 12 ("The offense E.A. committed is an offense of violence and not subject to sealing under R.C. 2953.32. Therefore, the state's claim that the court erred because it did not hold a hearing is moot."); *State v. Moulder*, 8th Dist. Cuyahoga No. 98661, 2013-Ohio-1036, ¶ 6, citing *J.K.* ("[W]here the state raises a determinative question of law in its brief in opposition to expungement that can be decided without a hearing, a trial court could, in its discretion, deny the motion without a hearing.").[7]

---

[6] In *J.K.*, we concluded that the trial court did not err in not holding a hearing and affirmed the trial court's decision sealing J.K.'s convictions because attempted arson was not an offense of violence under R.C. 2953.36 and was a fifth-degree felony and J.K. was "eligible in all other respects." *Id.* at ¶ 31.

[7] In a footnote related to that statement, the panel in *Moulder* stated, "[s]uch issues would include whether the offense was one prohibited by statute from being expunged or whether the applicant was a first offender where the state had submitted proof of convictions precluding expungement." *Id.* at ¶ 6, fn. 2.

{¶ 25} After a review of the relevant case law, we find that a trial court does not need to hold a hearing when an offender is not eligible as a matter of law and that ineligibility can be established by proof or documentation included in the record. A hearing is not required under these circumstances for three reasons: (1) R.C. 2953.32(B)'s plain language does not require a trial court to "hold" a hearing, (2) other appellate districts have recognized that a hearing is not necessary when an offender is not eligible for sealing as a matter of law, and (3) judicial economy.

{¶ 26} First, R.C. 2953.32(B) states, "Upon the filing of an application under this section, the court *shall set a date for a hearing* and shall notify the prosecutor for the case of the hearing on the application." (Emphasis added.) Contrary to D.D.G.'s belief and the cases upon which he relies, the statute's explicit language does not, in fact, require a trial court to "hold" a hearing; instead, the statute only requires a trial court to "set" a date for a hearing. *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, ¶ 27-29 (R.C. 2953.32(B)'s plain language does not require the trial court to "hold a hearing," but, instead, only requires it to "set a date for a hearing."). This distinction cannot be ignored as the General Assembly has required trial courts to "hold" hearings in other statutes. *See* R.C. 2151.314(A) ("If the child is not so released, a complaint * * * or an information * * * shall be filed or an indictment * * * shall be sought and *an informal detention or shelter care hearing held promptly*, not later than seventy-two hours after the child is placed in detention or shelter care, to determine whether detention or shelter care is required.") (Emphasis added.); R.C. 2903.214 ("If a

person who files a petition pursuant to this section requests an ex parte order, *the court shall hold an ex parte hearing* as soon as possible after the petition is filed, but not later than the next day that the court is in session after the petition is filed.") (Emphasis added.); R.C. 2929.18(A)(1) ("If the court decides to impose restitution, *the court shall hold a hearing* on restitution if the offender, victim, or survivor disputes the amount.") (Emphasis added.); R.C. 2930.07(A) ("[T]he prosecutor may file a motion with the court requesting that the court issue an order specifying that the victim and other witnesses in the case not be compelled in any phase of the criminal or delinquency proceeding to give testimony that would disclose the victim's or victim's representative's address, place of employment, or similar identifying fact without the victim's or victim's representative's consent. *The court shall hold a hearing* on the motion in chambers, and a court reporter shall make a record of the proceeding.") (Emphasis added.); R.C. 2945.37(B) ("In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, *the court shall hold a hearing* on the issue as provided in this section."). (Emphasis added.)

{¶ 27} Further, setting a case for a hearing and actually holding a hearing are different, and "we are forbidden to add a nonexistent provision to the plain language of [a statute]." *State ex rel. Steffen v. Judges of the Court of Appeals for the First Appellate Dist.*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, ¶ 26. Therefore, by requiring the trial court to hold a hearing even when an offender is not

statutorily eligible for sealing, we would be adding a provision to R.C. 2953.32(B) and impermissibly legislating.

{¶ 28} One may wonder why the statute would require a trial court to set a date for a hearing but then not actually require the court to hold that hearing. But we believe the General Assembly did so intentionally. By setting the application for a hearing, the trial court notifies the prosecutor of the application and sets a deadline for which the prosecutor has to file objections. *See* R.C. 2953.32(B) ("The prosecutor may object to the granting of the application by filing an objection with the court *prior to the date set for the hearing*."). (Emphasis added.) We believe that the General Assembly intended to have a trial court set a hearing to set a deadline for the prosecutor, with the understanding that not all applications for sealing require a hearing to actually be held, i.e., when an offender is not eligible as a matter of law.

{¶ 29} In support of his argument that the trial court was required to hold a hearing under the plain language of R.C. 2953.32(B), D.D.G. cites to *State v. B.J.*, 8th Dist. Cuyahoga No. 105764, 2018-Ohio-177; *State v. M.R.*, 2017-Ohio-973, 86 N.E.3d 641 (8th Dist.); *Strongsville v. J.M.B.*, 8th Dist. Cuyahoga No. 100680, 2014-Ohio-3144; and *State v. Hann*, 173 Ohio App.3d 716, 2007-Ohio-6201, 880 N.E.2d 148 (8th Dist.). The dissent also believes that R.C. 2953.32(B)'s language mandates a hearing, relying on *State v. S.E.*, 8th Dist. Cuyahoga No. 106367, 2018-Ohio-1414; *State v. M.S.*, 8th Dist. Cuyahoga No. 98892, 2013-Ohio-828; and *State v. R.A.*, 8th Dist. Cuyahoga Nos. 97550 and 97551, 2012-Ohio-2507, in addition to the cases cited by D.D.G.

{¶ 30} D.D.G. and the dissent are correct that those cases held that a hearing is mandatory under R.C. 2953.32(B); however, as we explained above, the statute's plain language does not actually require a hearing to be held. Further, those cases are also distinguishable as none of those cases show that a de novo review of the offenders' eligibility to apply for sealing occurred. Instead, those cases reversed and remanded the trial courts' decisions because the trial courts simply failed to hold a hearing on the offenders' applications. *B.J.* at ¶ 6-7; *S.E.* at ¶ 8; *M.R.* at ¶ 10; *J.M.B.* at ¶ 12; *M.S.* at ¶ 11; *R.A.* at ¶ 6; and *Hann* at ¶ 8.[8] In the instant case, however, D.D.G.'s eligibility is at issue on appeal. Unlike those cases, we have already determined that D.D.G. is ineligible for sealing his criminal record. Therefore, to reverse and require the trial court to hold a hearing would be a futile act and waste of resources.

{¶ 31} Second, other appellate districts have held that a hearing on an offender's application for sealing is not necessary when the trial court is able to determine the offender is not eligible as a matter of law. In *State v. Campbell*, 9th Dist. Summit No. 24919, 2010-Ohio-128, the court held that because the defendant was convicted of an offense of violence, he was not eligible for sealing under R.C.

---

[8] *B.J.* is distinguishable from the instant matter. In that case, the defendant was convicted of assault on a police officer and was ineligible for expungement under R.C. 2953.36(A)(3), which among other exceptions, prohibits offenders from applying for expungement when one of the convictions is an offense of violence. When an offender is ineligible under R.C. 2953.36(A), "sections 2953.31 to 2953.25 of the Revised Code do not apply[.]" In other words, when an offender is not eligible under R.C. 2953.36, R.C. 2953.32's "hearing requirement" does not apply. Therefore, D.D.G.'s reliance on *B.J.* is misplaced.

2953.36 and "the trial court had no authority to hear the motion to seal the record." *Id.* at ¶ 8. The court stated, "[i]t is axiomatic that, if R.C. 2953.32 does not apply to [an offender's] conviction of record, then the requirements that the trial court set a hearing and make certain determinations pursuant to R.C. 2953.32(B) and (C) are not implicated." *Id.* at ¶ 8.

{¶ 32} In *State v. Clark*, 4th Dist. Athens No. 11CA8, 2011-Ohio-6354, the Fourth District reached a similar conclusion concerning R.C. 2953.32(B)'s plain language. The court stated, "R.C. 2953.32 requires only that a hearing date be set. There is no requirement that a hearing must be held." *Id.* at ¶ 13. It said:

> Importantly, the events outlined in R.C. 2953.32(B) transpire *before* the hearing date, and R.C. 2953.32 does not require that a hearing be held *after* the prosecutor objects and the trial court makes its investigation. Therefore, in our view, R.C. 2953.32 contemplates that a trial court may, without a hearing, deny an application based on (1) the application itself, (2) the prosecutor's objections, and (3) the investigation reports.

(Emphasis sic.) *Id.*

{¶ 33} In *Aurora v. Bulanda*, 11th Dist. Portage No. 95-P-0130, 1996 Ohio App. LEXIS 2453 (June 14, 1996), the court recognized that some appellate districts, including the Eighth District in *State v. Saltzer*, 14 Ohio App.3d 394, 471 N.E.2d 872 (8th Dist.1984), generally hold that a hearing is mandatory because "under normal circumstances, a trial court would be required to hear evidence before rendering its decision on the motion[,]" such as when determining if an offender is rehabilitated. *Id.* at 11. The court found those types of cases distinguishable, however, given the fact that the defendant was convicted of driving while intoxicated, which could not

be expunged under R.C. 2953.36. *Id.* As a result, the court concluded that the defendant "could not have presented any evidence which could have changed the outcome in [that] case because the trial court simply had no discretion to grant her motion" and, therefore, that "a trial court is not required to hold an evidential hearing under these circumstances because it simply would serve no purpose." *Id.* at 12.

{¶ 34} The Tenth District has also held that when an offender's application is barred by res judicata, which is a matter of law, a trial court need not hold a hearing. *See McBride v. Whitehall*, 10th Dist. Franklin Nos. 13AP-658 and 13AP-680, 2013-Ohio-5718, ¶ 21 ("[C]ollateral estoppel precludes appellant from relitigating his status as an eligible offender under R.C. 2953.31. Because appellant is not an eligible offender, the trial court in this case lacked jurisdiction to grant his applications under R.C. 2953.32. * * * A hearing is not necessary to reach this conclusion."); *State v. Haney*, 10th Dist. Franklin No. 99AP-159, 1999 Ohio App. LEXIS 5524, 12 (Nov. 23, 1999) ("[A]ppellant could not have presented any evidence that would have changed the outcome because the trial court had no discretion to grant the second application. The trial court was required, as a matter of law, to find the second application barred by *res judicata*. Accordingly, this court concludes that the trial court was not required to hold an evidentiary hearing[.]").

{¶ 35} Third, requiring a trial court to hold a hearing when an offender is not eligible for sealing as a matter of law does not serve judicial-economy purposes. The trial court has no discretion at the hearing to grant a motion for an offender who is

not statutorily eligible, and thus, such a hearing does nothing but waste judicial resources, taxpayers' and offenders' money, and court costs.

{¶ 36} With the above in mind and turning to the instant case, the docket reflects that the trial court did not actually set a date for a hearing in CR-13-577059 as is explicitly required under R.C. 2953.32(B). But, under Crim.R. 52(A), an error is harmless when it "does not affect [a person's] substantial rights" and will be disregarded.

{¶ 37} Here, the trial court's failure to set a date for a hearing on D.D.G.'s application for sealing was a harmless error because it did not affect D.D.G.'s substantial rights — he was not eligible to have his record of conviction sealed and a hearing on his application would be aimless. *See Clark*, 2011-Ohio-6354, at ¶ 15 ("[A]lthough the trial court erred by not setting a hearing date, that error is harmless."); *State v. Milavec*, 8th Dist. Cuyahoga No. 79235, 2001 Ohio App. LEXIS 3045, 4 (July. 5, 2001) (the trial court's failure to set a date for a hearing on the offender's application for sealing was harmless error "because the record clearly reveals that a firearm was used in the commission of the offense, making [the offender] ineligible to have her record of conviction sealed"). Accordingly, we overrule D.D.G.'s first assignment of error.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
MARY EILEEN KILBANE, A.J., CONCURS IN PART AND DISSENTS IN PART
WITH SEPARATE OPINION

MARY EILEEN KILBANE, A.J., CONCURRING IN PART AND DISSENTING IN
PART WITH SEPARATE OPINION:

{¶ 39} Respectfully, I would affirm the trial court's judgment in part and reverse in part. I agree with the majority's disposition of the second assignment of error affirming the denial of D.D.G.'s application to seal his record in Case No. CR-09-524279. I respectfully disagree, however, with the majority's disposition of the first assignment of error. I would reverse the trial court's denial of D.D.G.'s application to seal his record in Case No. CR-13-577059 because the procedure set forth in R.C. 2953.32(B) mandates a hearing on D.D.G.'s application, which was heard by a different trial judge than in Case No. CR-09-524279.

{¶ 40} The majority, relying on *J.K.*, 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, finds that the trial court is not required to hold a hearing on an application for expungement when the only issue is the defendant's eligibility, which

is a question of law. In *J.K.*, the state argued that because J.K. pled guilty to attempted arson, he was not eligible for expungement because arson is an offense of violence under R.C. 2953.36, which lists convictions that are excluded from expungement. The majority opinion found that this sole issue is "clearly a question of law" and "an evidentiary hearing was not necessary to address it." *Id.* at ¶ 16, citing *State v. Webb*, 2d Dist. Montgomery No. 23892, 2010-Ohio-5743.

{¶ 41} A review of *Webb*, however, reveals that it has only been cited in two other cases — *J.K.* and *R.A.*, 8th Dist. Cuyahoga Nos. 97550 and 97551, 2012-Ohio-2507, which distinguishes *Webb*. Moreover, the majority's holding in *J.K.* is a departure from our long line of cases holding that an expungement hearing is mandatory upon an application to seal the record.

{¶ 42} As the dissenting opinion in *J.K.* stated:

The majority deviates from this court's repeated holding that an oral hearing on an expungement motion is mandatory. As ground for the deviation, the majority states that the state's opposition to J.K.'s expungement motion only raised a question of law; that is, whether attempted arson is an expungeable offense. The majority cites [*Webb*] in support of its holding.

In *Webb*, the defendant pleaded guilty to arson and was sentenced to community control sanctions. After successfully completing his community control sanctions, the defendant filed a motion to seal the record of his conviction. The trial court denied his motion without a hearing.

The Second Appellate District affirmed the trial court's judgment, finding that because arson is a crime of violence, the defendant was statutorily ineligible for expungement. The court held the issue was "purely an issue of law, and no hearing [was] necessary to resolve that question." *Id.* at ¶ 6.

Here, J.K. was charged with arson and insurance fraud. But he pleaded guilty to attempted arson and insurance fraud. The majority acknowledges that under *State v. Simon*, 87 Ohio St.3d 531, 2000-Ohio-474, 721 N.E.2d 1041, a trial court reviews the entire record, including not only the plea, but also the events that led to the original charges. The majority then reviews the entire record and finds that J.K. did not commit a disqualifying crime of violence and upholds the trial court's judgment.

I believe that review should have occurred in the first instance by the trial court at an oral hearing. I would therefore rule in line with this court's precedent of requiring a hearing on a motion for expungement and would reverse and remand upon the state's first assignment of error.

*Id.* at ¶ 33-37.

{¶ 43} Furthermore, subsequent decisions from our court have distinguished *J.K.*, noting that the:

*J.K.* decision relied on [*Webb*] for th[e] proposition [that a hearing is not necessary where the state raises purely an issue of law in opposition to the motion for expungement]. But a reading of *Webb* demonstrates that the *Webb* court cited no authority for its conclusion that a hearing is not necessary to resolve issues of law regarding an application for expungement. And no other cases have cited *Webb* or *J.K.* for this proposition. Accordingly, we decline to follow *Webb* or *J.K.* in this case, and hold that the trial court erred in denying R.A.'s application for expungement without first holding a hearing.

*R.A.* at ¶ 7.

{¶ 44} And in *M.S*, 8th Dist. Cuyahoga No. 98892, 2013-Ohio-828, this court stated:

In a recent decision, [*J.K.*], a panel of this court departed from our long line of cases and held that an expungement hearing is not necessary where the state raises purely an issue of law when opposing the application for expungement. This case is distinguishable from *J.K.*, because in *J.K.*, the applicant was convicted for arson, which was an offense of violence excepted under R.C. 2953.36 for expungement, and therefore, the application involved only a question of law. Here, we

recognize that whether an applicant is considered a first offender is an issue of law. *State v. Oravec,* 8th Dist. Cuyahoga No. 96654, 2011-Ohio-5831, ¶ 5. However, there is a question of fact regarding what the alleged prior conviction was because the state did not provide any documentation for the allegation.

*Id.* at fn. 2.

{¶ 45} In following with our long line of cases holding that an expungement hearing is mandatory upon an application to seal the record, we recently stated in *B.J.,* 8th Dist. Cuyahoga No. 105764, 2018-Ohio-177, that:

> "[a] trial court commits error by ruling on a motion for expungement filed pursuant to R.C. 2953.32 without first holding a hearing. R.C. 2953.32(B); [*State v. Hamilton*], 75 Ohio St.3d 636, 1996-Ohio-440, 665 N.E.2d 669 (1996); *State v. Saltzer*, 14 Ohio App.3d 394, 471 N.E.2d 872 (8th Dist.1984), followed. Accordingly, this court has repeatedly held that 'an oral hearing on an expungement motion is mandatory, and failure to hold one is cause for reversal and remand.' *State v. J.K.,* 8th Dist. Cuyahoga No. 96574, 2011-Ohio-5675, ¶ 15, citing *State v. Hann*, 173 Ohio App.3d 716, 718, 2007-Ohio-6201, 880 N.E.2d 148 (8th Dist.). *See also State v. Nowden*, 8th Dist. Cuyahoga No. 88605, 2007-Ohio-2914; *State v. Poston*, 8th Dist. Cuyahoga No. 87216, 2006-Ohio-4125; *State v. Powers*, 8th Dist. Cuyahoga No. 84416, 2004-Ohio-7021; *State v. Davis*, 8th Dist. Cuyahoga No. 81940, 2003-Ohio-1363; *State v. Rebello*, 8th Dist. Cuyahoga No. 77076, 2000 Ohio App. LEXIS 1924 (May 4, 2000). The rationale that a trial court must first hold a hearing is 'obviously predicated upon the fact that, under normal circumstances, a trial court would be required to hear evidence prior to rendering its decision in order to make several determinations pursuant to [R.C. 2953.32(C)(1)(a) through (e)].' *J.K.* at ¶ 15, citing *State v. Haney*, 10th Dist. Franklin No. 99AP-159, 1999 Ohio App. LEXIS 5524 (Nov. 23, 1999)."

*Id.* at ¶ 6, quoting *M.R.*, 2017-Ohio-973, 86 N.E.3d 641, at ¶ 10 (8th Dist.). *See also S.E.*, 8th Dist. Cuyahoga No. 106367, 2018-Ohio-1414.

{¶ 46} In addition to *J.K.'s* departure from this court's longstanding precedent, I would find that *J.K.* is factually distinguishable from the instant case.

The defendant in *J.K.*, committed attempted arson — an offense of violence, which is specifically excluded from expungement under R.C. 2953.36.[9] Whereas in the instant case, D.D.G. committed drug related offenses. The trial court should have held a hearing to review these offenses and determine eligibility. I would therefore rule in line with this court's precedent of requiring a hearing on a motion for expungement and would reverse and remand for a hearing as requested and required by R.C. 2953.32(B).

{¶ 47} In reaching its decision, the majority also relies on *Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, for the proposition that the plain language of the statute does not require the trial court to hold a hearing, but rather requires the trial court to set a date for a hearing. I disagree with the majority's interpretation of *Lyons*. In *Lyons*, the trial court relied on the wrong statute when sealing the defendant's record without a hearing. In comparing R.C. 2953.32 with R.C. 2953.52, the Ohio Supreme Court stated that "shall set a date for a hearing," as provided in R.C. 2953.52(B)(1), means "that the sealing of a criminal record may not be done immediately in such cases. Setting a date implies that sealing will be considered in the future." *Id.* at ¶ 27. The court further stated that "shall" connotes a "mandatory

---

[9] The majority also cites to other cases from this court (*V.S.*, 8th Dist. Cuyahoga No. 105264, 2017-Ohio-1565, and *E.A.*, 8th Dist. Cuyahoga No. 103829, 2017-Ohio-180) that rely on *J.K.*, which are distinguishable from the instant case for the same reason *J.K.* is distinguishable — the offenses are excluded from expungement under R.C. 2953.36. Furthermore, the majority's citation to *Moulder*, 8th Dist. Cuyahoga No. 98661, 2013-Ohio-1036, is telling as *Moulder* acknowledges the new proposition raised in *J.K.*, but nevertheless found that the trial court should have held a hearing on an application made pursuant to R.C. 2953.31 because "former R.C. 2953.32(B) requires a hearing on such a motion." *Id.* at ¶ 7.

obligation." *Id.* at ¶ 28. Here, the trial court never set a hearing date in Case No. CR-13-577059. Rather, it denied D.D.G.'s motion after the state filed its brief in opposition.

**{¶ 48}** I recognize, based on the record in Case No. CR-09-524279 and as discussed in the second assignment of error, that D.D.G. is not eligible for expungement. Nonetheless, the procedure set forth in R.C. 2953.32(B) mandates a hearing on D.D.G.'s separate motion in his separate case — Case No. CR-13-577059 — which was heard by a different trial judge than Case No. CR-09-524279.

**{¶ 49}** As a result, I would reverse the trial court's denial in Case No. CR-13-577059, and remand the matter for a hearing. *B.J.*, 8th Dist. Cuyahoga No. 105764, 2018-Ohio-177, at ¶ 7, citing *M.R.*, 2017-Ohio-973, 86 N.E.3d 641.